United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 10, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 02-20431

_____

SATURN DISTRIBUTION CORPORATION,

Plaintiff-Appellee,

versus

PARAMOUNT SATURN, LTD.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas

_____

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

Appellant Paramount Saturn ("Paramount") asserts on appeal that the district court erred in

granting Appellee Saturn Distribution Corporation's ("Saturn") motion to compel arbitration. We

affirm.

## I. FACTS AND PROCEEDINGS

Upon entering into a franchise agreement with Saturn in December 1997, Paramount became

a Saturn franchisee in Houston, Texas. Subsequently, Paramount sought to purchase three additional

dealerships from Saturn. Saturn did not sell the dealerships to Paramount. As a result, Paramount

1

alleged that Saturn breached its statutory duty of good faith and fair dealing. Although the franchise agreement contained a broad arbitration provision, Paramount argued that the dispute was not arbitrable because the Texas Motor Vehicle Board ("TMVB") had exclusive jurisdiction over the dispute. The only issue before the district court was whether to grant Saturn's motion to compel arbitration. The district court granted Saturn's motion to compel arbitration and closed the case without dismissing it. The order compelling arbitration was labeled "Final Judgment" and stated "[t]his is a final judgment."

## II. STANDARD OF REVIEW

We review *de novo* the district court's decision to compel arbitration. *Catholic Diocese of Brownsville v. A.G. Edwards & Sons, Inc.,* 919 F.2d 1054, 1056 (5th Cir. 1990); *United Offshore Co. v. Southern Deepwater Pipeline Co.,* 899 F.2d 405, 407 (5th Cir. 1990).

## III. DISCUSSION

The instant dispute presents this Court with two issues: (1) whether the district court's order to compel arbitration was a final and appealable decision; and (2) whether the dispute is arbitrable.

First, the plain language of the FAA makes "final" decisions, whether hostile to arbitration or not, immediately appealable, 9 U.S.C. § 16(a)(3), but prohibits appeals from interlocutory orders favorable to arbitration. 9 U.S.C. § 16(b); *Sphere Drake Ins. PLC v. Marine Towing*, 16 F.3d 666, 667-68 (5th Cir. 1994). The order compelling arbitration, which arose out of independent proceedings, was a "final decision" pursuant to *Green Tree Fin. Corp.-Ala. v. Rudolph*, 531 U.S. 79, 87-89 (2000) (holding that orders arising out of embedded proceedings are final decisions when accompanied by a dismissal of all other claims and there is no stay of federal court proceedings), for three reasons: (1) the district court closed the case, *Am. Heritage Life Ins. Co. v. Orr*, 294 F.3d 702,

708 (5th Cir. 2002); (2) the order was labeled "Final Judgment" and included the language "this is a final judgment," which clearly expressed the intention of the court to "effectively [end] the entire matter on its merits and [leave] nothing more . . . to do but execute the judgment," *Id.* at 707 (holding that the phrase "this case is closed" achieves the same purpose); and (3) the order was not accompanied by a stay of federal court proceedings, *Green Tree*, 531 U.S. at 87 n.2; *Am. Heritage Life*, 294 F.3d at 708 (holding that an order compelling arbitration can be a final decision if the stay only relates to state court proceedings).

Second, the dispute is arbitrable because the statutory duty on which Paramount bases its claim arises out of the parties' franchise agreement, which contains a broad arbitration provision. Tex. Rev. Civ. Stat. Ann. art. 4413(36), § 6.06(e) (Vernon Supp. 2001) ("Each party to a franchise agreement owes a duty of good faith and fair dealing to the other party"); *United Offshore Co. v. Southern Deepwater Pipeline Co.*, 899 F.2d 405, 409 (5th Cir. 1990) (holding that "when parties choose [broad arbitration provisions such as 'any controversy or claim arising out of or relating to this agreement'], only the 'the most forceful evidence of a purpose to exclude the claim from arbitration' would render the dispute non-arbitrable") (quoting *Mar-Len of Louisiana, Inc. v. Parsons-Gilbane*, 773 F.2d 633, 636 (5th Cir. 1985)).

There are no legal restraints external to the parties' arbitration agreement that foreclose the arbitration of their dispute because the TMVB does not have exclusive jurisdiction of contractual disputes between franchisors and franchisees in the motor vehicle industry. Tex. Rev. Civ. Stat. Ann. art. 4413(36), §§ 1.02, 3.01(a) (Vernon Supp. 2001). Even if it did, the strong federal policy favoring arbitration preempts state laws that act to limit the availability of arbitration. *Southland Corp. v. Keating*, 465 U.S. 1, 16 (1984) (holding that through the FAA, "Congress intended to foreclose state

3

legislative attempts to undercut the enforceability of arbitration agreements"); *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 122 (2001) (discussing the holding and continued vitality of *Southland*).

## IV. CONCLUSION

Accordingly, and for essentially the reasons given by the district court, the judgment of the district court is AFFIRMED.