United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 25, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
--------------------------------
No. 03-30894
--------------------------------

ROBERT ROCCO MIRE,

Plaintiff - Appellant

v.

FULL SPECTRUM LENDING INC. and
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,

Defendants - Appellees

---

Appeal from the United States District Court
for the Eastern District of Louisiana

---

Before BARKSDALE and PICKERING, Circuit Judges, and LYNN,[*]

District Judge.

LYNN, J: District Judge

This is an appeal from an order compelling arbitration.  For
the reasons discussed below, we dismiss for lack of jurisdiction.

## I.  BACKGROUND

In 2000 and 2001, Appellant Robert Rocco Mire obtained two
loans, in the total principal amount of $45,000, from Appellee
Full Spectrum Lending, Inc.  Both loans were secured by a
mortgage on Mire's house.  Appellee Mortgage Electronic

---

[*] District Judge for the Northern District of Texas, sitting
by designation.

1

Registration Services, Inc. ("MERS") was the nominal mortgagee.

As part of both loan agreements, Mire and Full Spectrum agreed to arbitrate before the National Arbitration Forum ("NAF") disputes which were connected to the loan transactions, other than certain enumerated exceptions, which are inapplicable here. They also agreed to arbitrate third party claims connected to the loan transactions. At the top of the first page of each agreement, in all capital letters, is typed "ARBITRATION AGREEMENT." On the line just below, in boldface and in all capital letters, appears the following: "READ THE FOLLOWING ARBITRATION AGREEMENT CAREFULLY." On the second page, just above Mire's signature, in bold print and all capital letters, each agreement states:

> WAIVERS: BY ENTERING INTO THIS AGREEMENT, WE AND YOU EACH KNOWINGLY AND VOLUNTARILY WAIVE (1) ANY AND ALL RIGHTS EITHER HAVE UNDER LAW TO PURSUE REMEDIES IN COURT, INCLUDING, BUT NOT LIMITED TO, A TRIAL BEFORE A JURY, EXCEPT FOR THE EXCLUDED CLAIMS, (2) THE RIGHT TO PARTICIPATE AS A REPRESENTATIVE OR MEMBER OF ANY CLASS OF CLAIMANTS PERTAINING TO ANY CLAIM, AND (3) THE RIGHT TO PRETRIAL DISCOVERY OTHER THAN THE LIMITED DISCOVERY PROVIDED FOR IN THIS AGREEMENT.
>
> YOU ACKNOWLEDGE THAT YOU HAVE CAREFULLY READ THIS AGREEMENT AND AFFIRM THAT YOU UNDERSTAND ITS TERMS AND

ARE ENTERING INTO THIS AGREEMENT VOLUNTARILY AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS OTHER THAN THOSE CONTAINED IN THIS AGREEMENT ITSELF.

In June of 2002, Mire defaulted on the July 2001 note. In October of 2002, MERS initiated a foreclosure action against Mire. In January of 2003, Mire filed suit in district court, seeking, among other relief, a temporary restraining order and preliminary injunction to prevent MERS from proceeding with foreclosure. Mire alleged that he did not receive disclosures that should have been given three days in advance of the loan closings, in violation of the Homeownership and Equity Protection Act (HOEPA), 15 U.S.C. § 1639. Mire further alleged that he received inaccurate disclosures relating to the cost of the loan, in violation of the Truth in Lending Act, 15 U.S.C. § 1604 *et seq*. and Regulation Z, 12 C.F.R. § 226.

Full Spectrum and MERS filed a motion to compel arbitration and to stay Mire's lawsuit pending arbitration. In his opposition, Mire argued that the arbitration agreements were unenforceable because (1) they lacked mutuality; (2) they unfairly limited discovery; (3) NAF is inherently biased in favor of lenders; and (4) Mire could not afford to pay potentially expensive arbitration costs.

On August 8, 2003, the district court concluded that the arbitration agreements were enforceable and entered an order

3

granting the motion to compel arbitration, and staying Mire's lawsuit pending arbitration. The district court further ordered that the case be "administratively closed". The district court also denied Mire's pending motion to compel discovery as moot.

Mire filed a timely notice of appeal. Full Spectrum and MERS filed a motion to dismiss the appeal.

## II. <u>ANALYSIS</u>

As a threshold matter, this Court must decide whether the district court's order compelling arbitration, staying proceedings, and administratively closing the case constitutes an appealable order. If not, then this Court lacks jurisdiction and the appeal should be dismissed, which would pretermit any consideration of the merits of Mire's appeal.

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 16, states that an appeal may be taken from (1) a final order with respect to an arbitration subject to the FAA (§ 16(a)(3)); (2) an order refusing a stay of any action under section 3 of the FAA (§ 16(a)(1)(A)); and (3) an order denying an application under section 206 of the FAA to compel arbitration (§ 16 (a)(1)(C)). The FAA further provides that "[e]xcept as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order - - (1) granting a stay of any action under section 3 of this title...." 9 U.S.C. § 16(b)(1). Section 3 of

4

the FAA states that once the trial court is satisfied that an issue is referable to arbitration, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had...."  In this case, the district court followed these statutory directives when it referred the action to arbitration and stayed Mire's lawsuit.

The Supreme Court addressed the appealability of an order compelling arbitration in *Green Tree Financial Corp.- Alabama v. Randolph*, 531 U.S. 79 (2000).  In *Green Tree*, the district court compelled arbitration, and dismissed the respondent's claims with prejudice, "leaving the court nothing to do but execute the judgment." *Id*. at 86.  The Supreme Court held that "where, as here, the District Court has ordered the parties to proceed to arbitration, and dismissed all the claims before it, that decision is 'final' within the meaning of § 16(a)(3), and therefore appealable." *Id*. at 89.  In a footnote of particular significance to this case, the Supreme Court noted that "[h]ad the District Court entered a stay instead of a dismissal in this case, that order would not be appealable.  9 U.S.C. § 16(b)(1)." *Id*. at 87 n.2.  Although Appellant asserts that this statement is "dicta," in fact, it merely repeats the statutory mandate of § 16(b)(1), which provides that an appeal may not be taken from an interlocutory order granting a stay.

In 2002 and 2003, this court decided four cases dealing with

5

the issue of appealability of arbitration orders. In the first of the cases, *American Heritage Life Ins. Co. v. Orr*, 294 F.3d 702 (5th Cir. 2002), the district court entered an order compelling arbitration, staying related state court litigation, and "closing" the case. This court had to determine whether those actions of the trial court amounted to an appealable final order of dismissal. This court held that the order was appealable, emphasizing that "there is no practical distinction between 'dismiss' and 'close' for purposes of this appeal," where "[t]he application of each word results in a termination on the merits, leaving the judgment-rendering court with nothing more to do but execute the judgment." *Id*. at 708.

Next, in *Gulf Guaranty Life Ins. v. Connecticut General Life Ins*., 304 F.3d 476 (5th Cir. 2002), this court again had to determine the finality of a district court's decision. The district court dismissed a lawsuit filed in 2000, which had been consolidated with a lawsuit filed in 1996, which had been stayed pending arbitration. The court again ordered arbitration, and dismissed the lawsuit filed in 2000, but said nothing directly about the status of the earlier stayed suit. This court concluded that "[t]he district court's failure to reference explicitly the 1996 first-filed suit as dismissed in the court's ... order compelling arbitration of the entire consolidated action was simply an oversight. Clearly, the intention, as well

6

as the effect, was to dismiss it." *Id*. at 483.  Finding that the district court intended its order to be final, this court concluded it had jurisdiction over the appeal.

In *Saturn Distribution Corp. v. Paramount Saturn, Ltd.*, 326 F.3d 684 (5th Cir. 2003), this court determined that an order compelling arbitration was a "final decision" pursuant to the analysis of *Green Tree* because (1) the district court closed the case; (2) the district court's order was labeled a "Final Judgment," and contained language further describing it as a final judgment, thereby clearly expressing the court's intent to end the entire matter on the merits; and (3) the district court's order was *not* accompanied by an explicit stay.  *Id*. at 686-87.

The most recent authority of this court on the finality of an order compelling arbitration is *Apache Bohai Corp. v. Texaco China, B.V.*, 330 F.3d 307 (5th Cir. 2003).  In *Apache Bohai* this court held that the district court's order was not appealable because it had not dismissed the case, but instead simply entered a stay pending arbitration.  *Id*. at 309.  As Appellant argues here, Apache Bohai maintained that "when a district court enters an order staying an action and referring all disputed matters to arbitration, leaving no live issues before the district court, this court should consider the order to be, in effect, a *de facto* dismissal and thus a final decision appealable under § 16(a)(3)." *Id.*  This court rejected that argument and explained that

7

"although it may be true that in some instances the entry of a stay disposes of most or all issues, that fact alone does not render it the functional equivalent of a dismissal." *Id*. "An arbitration order entering a stay, as opposed to a dismissal, is not an appealable final order." *Id*. *Accord, ATAC Corp. v. Arthur Treachers, Inc.,* 280 F.3d 1091 (6th Cir. 2002) (case stayed and closed). Referring to *American Heritage,* this court noted in *Apache Bohai* that "[i]n this case, by contrast, the court did not purport to close the case administratively, nor did it attempt in any way to terminate its involvement in the proceedings." *Id*. at 310. In *American Heritage*, there is no reference to an administrative closure. There, the district court merely "closed" the case, and this court found that action to be the equivalent of a dismissal.

Were it not for the administrative closure by the court below, and the cited language in *Apache Bohai*, this case would be easily disposed of, as one involving a non-appealable stay. However, Appellant asserts that the administrate closure is akin to a dismissal, and which the dictum in *Apache Bohai* suggests would be a final, immediately appealable order.

Unlike the facts in *Apache Bohai*, here this court is presented with an *administrative* closure by the court below. District courts frequently make use of this device to remove from their pending cases suits which are temporarily active elsewhere

8

(such as before an arbitration panel) or stayed (such as where a bankruptcy is pending). The effect of an administrative closure is no different from a simple stay, except that it affects the count of active cases pending on the court's docket; *i.e.*, administratively closed cases are not counted as active. *See Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 392 ("This method is used in various districts throughout the nation in order to shelve pending, but dormant, cases.") In contrast, cases stayed, but not closed, are counted as active. This case still exists on the docket of the district court and may be reopened upon request of the parties or on the court's own motion. That situation is the functional equivalent of a stay, not a dismissal, and is thus not an appealable order under the FAA. This court thus does not have jurisdiction over this appeal and does not reach the merits of Mire's other issues.

## III. <u>CONCLUSION</u>

For the foregoing reasons, this appeal is DISMISSED for lack of jurisdiction. The case presents no appealable order.

DISMISSED

9