**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 8, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 05-30779

REYNALDO OYUELA,

Plaintiff-Appellant,

VERSUS

SEACOR MARINE (NIGERIA), INC., ET AL.,

Defendants,

SEACOR MARINE, INC., SEACOR MARINE (BAHAMAS), INC.,
SEACOR SMIT, INC.,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
(02-CV-3298)

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Reynaldo Oyuela appeals from the district court's order
denying a motion to reopen his case. The district court previously
administratively closed Oyuela's case based upon the court's
conditional dismissal for *forum non conveniens*. The court

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismissed Oyuela's complaint for *forum non conveniens* subject to four specific conditions, including initiation by Oyuela of "appropriate proceedings within 120 days" in the appropriate English forum. *Oyuela v. Seacor Marine (Nigeria), Inc.*, 290 F. Supp. 2d 713, 726 (E.D. La. 2003). Also, the court's original conditional dismissal and administrative closure contemplated a possible, future return to the forum for further adjudication. *Id.* (stating that the court would "reassume jurisdiction" if the conditions of dismissal were not satisfied).

Oyuela filed his complaint in an English court. Shortly thereafter, Oyuela moved to reopen the case in the Eastern District of Louisiana. Defendants opposed the motion; the district court held a status conference; and on March 23, 2004, the court denied the motion to reopen. Oyuela did not file a notice of appeal from the district court's first refusal to reopen the case. At about the same time, Defendants objected before the English court to the timeliness of service of process. The English court ultimately dismissed Oyuela's claims because of his failure to timely serve process, and Oyuela did not appeal. Oyuela then moved a second time to reopen the proceedings before the district court. The district court, without reopening the case, permitted supplemental briefing. The court then denied Oyuela's motion by written order dated June 5, 2005 without modifying the original conditional dismissal. The court explained that the case would not be reopened

2

because Oyuela, in failing to timely serve Defendants in the English forum, failed to satisfy the condition that Oyuela initiate "appropriate proceedings" in the English forum. The court did not, however, indicate whether the refusal to reopen continued the administrative closure and conditional dismissal or instead converted the conditional dismissal into a final dismissal, precluding any subsequent review initiated by the court *sua sponte* or by a party's motion.

The court's underlying order of dismissal for *forum non conveniens* provides for both conditional dismissal and administrative closure. In some cases, an administrative closure may not be a final and appealable order. *See*, *e.g.*, *Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2004); *S. La. Cement, Inc. v. Van Aalst Bulk Handling*, 383 F.3d 297, 298 (5th Cir. 2004). Similarly, a court's refusal to reopen a conditionally dismissed, administratively closed case is not necessarily a final and appealable order under 28 U.S.C. § 1291.

Therefore, because the district court failed to explain the procedural nature of its refusal to reopen, we must remand for the limited purpose of requesting the district court to supplement the record. Upon limited remand, the district could should enter a memorandum or order that explains the procedural nature of its refusal to reopen this case, that is, either the court intended the dismissal to remain conditional, allowing the court to reopen the

3

case in its discretion by either its own motion or the motion of a party, or instead, the court intended to convert its prior conditional dismissal into a final dismissal, ending the dispute between the parties. *See WRS, Inc. v. Plaza Entm't, Inc.*, 402 F.3d 424, 429 (3d Cir. 2005) (holding that "although an administrative closing may mature into final order of dismissal, the district court . . . must enter an order so providing"). If the latter, then the district court should also enter a final judgment.

The text of the district court's June 5, 2005 order denying Oyuela's motion to reopen the case permits both of the above readings, thereby clouding any determination of appellate jurisdiction. *See Int'l Ass'n of Machinists & Aerospace Workers Local Lodge 2121 v. Goodrich Corp.*, 410 F.3d 204, 209 (5th Cir. 2005) (citing *Mire*, 389 F.3d at 167; *Apachi Bohai Corp. v. Texaco China B.V.*, 330 F.3d 307, 309 (5th Cir. 2003)).

Following the district court's entry of an explanation of its order, including entry of final judgment if appropriate, the case should be returned to this Court. This Court retains jurisdiction during the pendency of the limited remand. *Wheeler v. City of Columbus*, 686 F.2d 1144, 1154 (5th Cir. 1982).

LIMITED REMAND.