**In re SONIC–CARROLLTON V, L.P., Sonic of Texas, Inc., & Volvo Cars of North America LLC, Relators.**

No. 05–07–00574–CV.

Court of Appeals of Texas, Dallas.

July 11, 2007.

Rehearing Overruled Aug. 31, 2007.

Brit T. Brown, Benjamin A. Escobar, Beirne, Maynard & Parsons, L.L.P., Joseph S. Cohen, Houston, for relators.

Russ Meyer, Jeffrey P. Kitner, Jackson Walker, L.L.P., Leonard E. Hoffman, Dallas, for real party in interest.

Before Justices WRIGHT, O'NEILL, and LANG.

## OPINION

Opinion by Justice LANG.

Relators Sonic–Carrollton V, L.P., Sonic of Texas, Inc., and Volvo Cars of North America (Sonic and Volvo) seek mandamus relief to vacate the trial court's April 30, 2007 order granting a motion to abate arbitration. The order provides that prior to commencing arbitration the parties to the litigation will proceed before the Texas Motor Vehicle Board (TMVB) in order that the board can "exercise its primary jurisdiction in connection with the issues presented."

Millennium Jaguar of Texas, Inc. and Millennium Luxury Imports of Dallas L.L.C. (collectively Millennium) brought suit against Sonic–Carrollton V, L.P., Sonic of Texas, Inc., and Volvo Cares of North America L.L.C. All parties agree their arbitration agreement covers their disputes. Further, all agree that the transaction at issue involves interstate commerce which, in turn, implicates the Federal Arbitration Act (FAA). 9 U.S.C.A. §§ 1–16 (West 1999). However, Sonic and Volvo claim the trial court abused its discretion by abating arbitration to allow the TMVB, a state agency, to consider claims that are the subject of a valid and enforceable arbitration agreement under the FAA. We agree. Accordingly, we conditionally grant writ of mandamus to direct the trial court to vacate its April 30, 2007 order and to order arbitration consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Millennium filed suit against Sonic and Volvo based on an asset purchase agreement between Sonic–Carrollton and Millennium Jaguar. Millennium claims, *inter alia,* that Sonic breached the agreement when it failed to close the transaction for the purchase and sale of a Volvo automobile dealership and that Volvo tortiously interfered with the agreement by refusing to consent to the transfer of the dealership.

Sonic and Volvo asserted the claims were covered by the agreement's arbitration provision and moved to compel arbitration. The parties agreed their arbitration agreement covers their disputes and the transaction involved interstate commerce, implicating the FAA. Nevertheless, Millennium filed a motion to abate the arbitration to allow the TMVB to exercise "primary jurisdiction" respecting, among other issues, its challenge to the validity of Volvo's right of first refusal under sections 2301.003(b) and 2301.359(e) of the Texas Occupations Code. Millennium argued in its motion to abate that the policy of primary jurisdiction rendered the dispute nonarbitrable, at least until the TMVB was allowed to exercise its expertise under the Texas Occupations Code. It was Millennium's position that after the TMVB exercised its primary jurisdiction to construe the Code provisions as to Volvo's right of first refusal, the trial court could determine whether arbitration should proceed.

On April 30, 2007, the trial court granted the motion to abate, but signed an order which also concluded the arbitration agreement was valid, enforceable, and applicable to the dispute. The order stated, in part, "[T]his matter is abated to permit the TMVB to exercise primary jurisdiction in connection with the issues presented. It is FURTHER ORDERED that once the proceeding before the TMVB is con-cluded, or if the TMVB fails to or declines to exercise jurisdiction, the Parties are compelled to arbitration in accordance with the arbitration agreement set forth in the asset purchase agreement at issue."

Sonic and Volvo filed a petition for writ of mandamus and motion for stay to preserve jurisdiction and prevent mootness. On May 15, 2007, we granted the motion and stayed the trial court's April 30, 2007 order.

## II. STANDARD FOR MANDAMUS

▪ Traditionally, mandamus will not issue unless: (1) the trial court has committed a clear abuse of discretion; and (2) there is no adequate remedy by appeal. *In re Mo. Pac. R.R. Co.,* 998 S.W.2d 212, 215 (Tex.1999) (orig. proceeding) (citing *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992)); *In re Tex. Am. Express, Inc.,* 190 S.W.3d 720, 723 (Tex.App.-Dallas 2005, orig. proceeding). A clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ. *Walker,* 827 S.W.2d at 840. When a trial court erroneously denies a party's motion to compel arbitration under the FAA, the movant has no adequate remedy by appeal. *In re FirstMerit Bank, N.A.,* 52 S.W.3d 749, 753 (Tex.2001).

## III. ABATEMENT OF ARBITRATION

Sonic and Volvo argue in their petition that the trial court's abatement of arbitration deprives them of their arbitration agreement, the purpose of which was to provide the parties a rapid, inexpensive alternative to litigation and to TMVB proceedings. Further, Sonic and Volvo contend the order leaves open the questions of when, if ever, the arbitration will occur and what issues, if any, will remain for arbitra-

tion after the TMVB proceeding. Millennium responds that the trial court's order is not reviewable by mandamus because the trial court did not deny arbitration and Sonic and Volvo have an adequate remedy by appeal after the arbitration concludes.

### A. Analysis of Abuse of Discretion

Millennium now asserts, as it did before the trial court, that its challenge to the validity of Volvo's right of first refusal is an issue which requires interpretation, or construction, of the Texas Occupations Code. Relying on *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 208–09 (Tex.2002), Millennium contends that the TMVB must be allowed to exercise its primary jurisdiction to address "code construction issues" in this case before arbitration can proceed. In *Butnaru*, the plaintiffs brought claims against Ford Motor Company for tortious interference and declaratory judgment for exercising its right of first refusal to purchase an automobile dealership. The supreme court held that because the plaintiffs' claims raised Texas Motor Vehicle Commission Code construction issues, the primary jurisdiction doctrine required the trial court to abate the action before it in order that the TMVB have a reasonable opportunity to first determine whether the right of first refusal violated the Code.

We cannot agree that *Butnaru* directs us to agree with Millennium. *Butnaru* is distinguishable from the case before us because the supreme court was not faced with the effect of an arbitration agreement and the FAA on the TMVB's jurisdiction. However, other precedent is on point. In *Saturn Distribution Corp. v. Paramount Saturn, Ltd.*, 326 F.3d 684, 687 (5th Cir. 2003), the Fifth Circuit entertained an appeal from a trial court order granting a motion to compel arbitration. Specifically, the court of appeals addressed the extent of the TMVB's jurisdiction in light of the existence of a valid, enforceable arbitration agreement under the FAA. In *Saturn*, Paramount argued a dispute arising under its automobile franchise agreement, although containing a broad arbitration provision, was not arbitrable because the TMVB had exclusive jurisdiction over a dealership purchase dispute. The Fifth Circuit concluded that the TMVB did not have exclusive jurisdiction of contractual disputes between franchisors and franchisees in the motor vehicle industry, but "[e]ven if it did, the strong federal policy favoring arbitration preempts state laws that act to limit the availability of arbitration." *Id.*

Further, our Texas Supreme Court has concluded mandamus is appropriate to set aside an order that deprives a party of its right to proceed to arbitration under the FAA. *See Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 271–73 (Tex.1992) (orig. proceeding). In *Anglin*, Jack B. Anglin Company argued the plaintiff's construction contract and DTPA claims were subject to arbitration under the FAA. After concluding that all the claims were arbitrable under the FAA, the supreme court considered "whether a party that has been wrongfully denied the benefits of its agreement to arbitrate is entitled to the extraordinary remedy of writ of mandamus." *Id.* at 271. Concluding that mandamus relief was available, the supreme court stated:

> Although mandamus relief will not issue merely because an appellate remedy may be more expensive and time-consuming than mandamus, it will issue when the failure to do so would vitiate and render illusory the subject matter of an appeal. Absent mandamus relief, Anglin would be deprived of the benefits of the arbitration clause it contracted for, and the purpose of providing a rapid, inexpensive alternative to traditional litigation would be defeated.

*Id.* at 272–73.

In this case, the trial court's order abating the arbitration so that the dispute

could be considered by a third forum, the TMVB, flies in the face of the speedy dispute resolution intended by the parties' broadly framed arbitration agreement and the FAA.[1] Not only would referral to the TMVB for its decision sidetrack arbitration for some indeterminate time, but the decision of the TMVB itself is subject to judicial review which process would add to the deferral of arbitration. *See* TEX. OCC. CODE ANN. § 2301.609 (Vernon 2004). This process of abating arbitration until the TMVB acts, or declines to act, would subvert the process of arbitration for which the parties bargained.

We conclude the implications of the FAA and the strong policy favoring arbitration "... preempts state laws that act to limit the availability of arbitration." *Saturn*, 326 F.3d at 687. The trial court's order limited the availability of arbitration and deprives Sonic and Volvo of their rights to proceed to arbitration by ordering the parties to proceed to the TMVB prior to commencing arbitration. *See id.; Anglin*, 842 S.W.2d at 271–73. We conclude the trial court abused its discretion.

### B. Analysis of Adequate Remedy by Appeal

■ Millennium contends that because the trial court has granted the motion to compel arbitration, that neither mandamus, nor an interlocutory appeal is the appropriate remedy. According to Millennium, after the arbitration process is concluded, the arbitration award is confirmed or denied by the trial court, and a final judgment is entered, then Sonic and Volvo can present all of their issues to the appellate court if they are not satisfied with the arbitration results. We do not agree.

In this case, as we concluded above, the trial court's order deprives Sonic and Volvo of the immediate benefits of an arbitration agreement. Also, as we noted above, mandamus is required to set aside an order that deprives a party of its right to proceed to arbitration under the FAA. *See Anglin*, 842 S.W.2d at 271–73.

■ Here the subject matter of a prospective appeal would be the right to proceed to arbitration immediately. An appeal after a TMVB proceeding, and any appeal of its decision, would not preserve that right. Additionally as noted by the U.S. Supreme Court, "to delay review of a state judicial decision denying enforcement of the contract to arbitrate until the state court litigation has run its course would defeat the core purpose of a contract to arbitrate." *Southland Corp. v. Keating*, 465 U.S. 1, 7–8, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984). We conclude Sonic and Volvo have no adequate remedy by appeal.

### IV. CONCLUSION

The trial court abused its discretion when it granted Millennium's motion to abate to refer the case to the TMVB. Sonic and Volvo have no adequate remedy by appeal. Accordingly, Sonic and Volvo's petition for writ of mandamus is conditionally granted. The trial court is ordered to vacate its April 30, 2007 order in so far at it granted the motion to abate. Additionally, the trial court shall proceed consistent with this opinion to grant Sonic and Volvo's motion to compel arbitration without limitations and stay all further proceedings in the trial court pending completion of the arbitration proceedings. This Court's May 25, 2007 order staying the trial court's

---

1. The parties' asset purchase agreement at ¶ 11.10(a) contains an arbitration agreement which provides, in part: "Any dispute, claim or controversy arising out of or relating to this Agreement or the interpretation or breach hereof shall be resolved by binding arbitration under the commercial arbitration rules of the American Arbitration Association (the 'AAA Rules') to the extent such AAA Rules are not inconsistent with this Agreement."

April 30, 2007 order remains in effect until the trial court complies with the order conditionally granting mandamus relief or the writ of mandamus issues.