**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 3, 2012

Lyle W. Cayce
Clerk

No. 11-30861

JAMES NEAL,

Plaintiff-Appellant

v.

NABORS DRILLING USA, L.P.,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:11-CV-648

Before DAVIS, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Neal appeals from an August 15, 2011 order by the district court. In its memorandum ruling issued with the order, the district court compelled arbitration pursuant to Section 3 of the Federal Arbitration Act, 9 U.S.C. § 3. The order itself explained what was to occur with the lawsuit thereafter:

> [T]he Clerk of this Court is to administratively terminate this action in his records, without prejudice to the right of the parties to move to reopen the proceedings within thirty (30) days of the date the Arbitrator renders a decision in this matter. This order shall not be

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30861

considered a dismissal or disposition of this matter, and should further proceedings in it become necessary or desirable, any party may initiate it in the same manner as if the order had not been entered.

This case still exists on the district court's docket and may be reopened upon request of the parties or on the court's own motion. The court's order was the functional equivalent of a stay, not a dismissal, and there has thus not been an appealable order. *See* 9 U.S.C. § 16(b)(1); *Green Tree Fin. Corp.–Ala. v. Randolph*, 531 U.S. 79, 87 n.2 (2000); *Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2004).

DISMISSED FOR LACK OF JURISDICTION.