**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 12, 2012

No. 12-30018

Lyle W. Cayce
Clerk

In the Matter of: GREGORY NEAL DORSEY; GWENDOLYN DORSEY,

Debtors

FRIENDLY FINANCE SERVICE - EASTGATE INCORPORATED,

Appellant

v.

GREGORY NEAL DORSEY; GWENDOLYN DORSEY,

Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:09-CV-573

Before JONES, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

Appellant Friendly Finance Service-Eastgate, Inc. (Friendly Finance) appeals the denial of its motion to disqualify Bankruptcy Judge Henley Hunter. For the reasons discussed below, we dismiss for lack of jurisdiction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30018

## Background

The genesis of this appeal was a bankruptcy proceeding filed by Gregory and Gwendolyn Dorsey. Friendly Finance, a creditor of the Dorseys, filed an adversary complaint seeking either to have the Dorseys' debt declared nondischargeable under 11 U.S.C. § 523 or to have the Dorseys' discharge denied under 11 U.S.C. § 727. Bankruptcy Judge Henley Hunter dismissed both of Friendly Finance's objections and also determined that Friendly Finance had repeatedly filed "abusive complaints." As a result, he enjoined Friendly Finance from filing any similar complaints in Chapter 7 cases without prior leave of court. After the district court affirmed Judge Hunter's decision, Friendly Finance appealed to this court. We affirmed Judge Hunter's dismissal of the § 523 objection but vacated the district court's judgment affirming the injunction and dismissal of the § 727 objection and remanded the case for further proceedings on those two issues. *Friendly Fin. Serv.-Eastgate Inc. v. Dorsey* (*In re Dorsey*), 505 F.3d 395, 400–01 (5th Cir. 2007) (per curiam).

On remand, Friendly Finance moved to disqualify Judge Hunter under 28 U.S.C. § 455(a) and (b)(1), arguing that "his impartiality might reasonably be questioned" and that he had a "personal bias or prejudice against [Friendly Finance], its sister corporations, its parent, Friendly Finance Discount Corporation, and its president, John G. Loftin." In a lengthy order from the bench, Judge Hunter denied the motion to disqualify without hearing any evidence. He then orally ruled on the § 727 objection and the injunction, leaving his previous decision on those issues unchanged. Friendly Finance appealed the decision on the injunction and § 727 objection and moved for rehearing of the motion to disqualify. After Judge Hunter denied rehearing, Friendly Finance appealed that decision as well.

On appeal, Judge Robert G. James ruled that Judge Hunter erred in failing to give Friendly Finance an opportunity to present evidence to support

2

No. 12-30018

its motion to disqualify. As a result, Judge James vacated Judge Hunter's order on disqualification and remanded the case for reconsideration. In the interest of judicial economy, however, Judge James declined to consider the appeal regarding the injunction and § 727 objection. Instead, he administratively terminated[1] the appeal pending further proceedings in the bankruptcy court, noting that "if Judge Hunter recuse[d] himself on remand, the orders entered on the § 727 objection and injunction should be vacated, and the case should be referred to another judge."

Judge Hunter decided not to recuse himself on remand, however, and again denied the motion to disqualify after hearing evidence. Friendly Finance's appeal of that decision was once again before Judge James, who had terminated Friendly Finance's previous appeal, but for reasons unknown Judge James disqualified himself from participating in the case. As a result, the appeal was reassigned to Chief Judge Richard T. Haik. Before Judge Haik, Friendly Finance argued that Judge Hunter was wrong to deny the disqualification motion but did not present any argument on the injunction or § 727 objection. Judge Haik dismissed the appeal as moot, stating that Judge Hunter no longer presided over the bankruptcy proceeding. Friendly Finance's appeal of that decision is now before this Court.

## Discussion

The denial of a motion to disqualify is not an appealable final order under 28 U.S.C. § 1291, is not subject to the collateral order doctrine, and is not an

---

[1] Administrative termination is a device frequently used by district courts "to remove from their pending cases suits which are temporarily active elsewhere (such as before an arbitration panel) or stayed (such as where a bankruptcy is pending)." *Mire v. Full Spectrum Lending Inc.*, 389 F.3d 163, 167 (5th Cir. 2004). This device "affects the count of active cases pending on the court's docket" because "administratively closed cases are not counted as active." *Id.* But even though a case may be administratively closed, it "still exists on the docket of the district court and may be reopened upon request of the parties or on the court's own motion." *Id.*

No. 12-30018

appealable interlocutory order under 28 U.S.C. § 1292(a). *Nobby Lobby, Inc. v. City of Dall.*, 970 F.2d 82, 86 n.3 (5th Cir. 1992). Instead, a party "must await final judgment to appeal [a] judge's refusal to recuse." *Id.*; *see also Steering Comm. v. Mead Corp. (In re Corrugated Container Antitrust Litig.)*, 614 F.2d 958, 960–61 (5th Cir. 1980) ("Disqualification questions are fully reviewable on appeal from final judgment."). Here, there is a final judgment from the bankruptcy court, but the appeal of that judgment has not been fully resolved. Neither the denial of the § 727 objection nor the propriety of the injunction imposed upon Friendly Finance has been addressed on appeal. Instead, the appeal of those issues was administratively terminated, which "is the functional equivalent of a stay." *Int'l Ass'n of Machinists & Aerospace Workers Local Lodge 2121 v. Goodrich Corp.*, 410 F.3d 204, 209 (5th Cir. 2005). Until those issues are resolved, we lack jurisdiction to review the motion to recuse. Friendly Finance must await the final resolution of its appeal.[2]

For the foregoing reasons, the appeal is DISMISSED.

---

[2] We note that the district court dismissed the appeal of the disqualification order as moot based on the belief that Judge Hunter no longer presides over the matter. It is this court's understanding that Judge Hunter remains the presiding judge in this case. In light of our dismissal of this appeal, the district court may find it appropriate to reevaluate the recusal issue on its merits.