# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10122

In the Matter of: ONDOVA LIMITED COMPANY,

Debtor

United States Court of Appeals
Fifth Circuit

**FILED**

August 14, 2015

Lyle W. Cayce
Clerk

---------------------------

GARY N. SCHEPPS,

Appellant

v.

DANIEL J. SHERMAN, Chapter 11 Trustee,

Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CV-416

Before JOLLY, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:*

Attorney Gary Schepps appeals from a bankruptcy court order entered in the case styled *Matter of Ondova Limited Company*.[1] The order at issue,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Case No. 09-34784-sgj-11 (Bankr. N.D. Tex.).

No. 13-10122

entered on December 15, 2011, barred Schepps from appearing or participating further in the *Ondova Limited* bankruptcy (the "Bar Order").[2] Concluding that the Bar Order against Schepps was effectively vacated by subsequent orders of the district court and bankruptcy court—and emphasizing that it has so been vacated—we dismiss this appeal as moot.[3]

## I.

By way of background, the *Ondovo Limited* bankruptcy spawned out of a convoluted litigation, the history of which we set out in *Netsphere, Inc. v. Baron*.[4] Schepps had served as counsel for Jeffrey Baron in *Netsphere* and he purported to represent Baron and various Baron-controlled entities, along with various other entities, in the *Ondovo Limited* bankruptcy. Some of the entities Schepps purported to represent in the *Ondovo Limited* bankruptcy became subject to a receivership order entered by the district court in the *Netsphere*

---

[2] R.19-21. The Bar Order provided, specifically, that: (1) "Gary Schepps . . . shall file no further pleadings and/or appeals of any kind in the Ondova Limited Company bankruptcy, Case No. 09-34784-sgj-11;" (2) "[t]he Clerk for the United States Bankruptcy Court for the Northern District of Texas is directed to remove any pleadings and/or appeals filed by Gary Schepps electronically as soon as they are filed;" (3) "[n]o responses are required to be filed by counsel relating to any pleadings or appeals filed by Gary Schepps in this Bankruptcy Case;" and (4) "[i]n the event Gary Schepps files any pleadings in violation of this Order, this court will conduct a show cause hearing and issue appropriate sanctions against Gary Schepps." *Id.* at 21.

[3] Schepps' notice of appeal references a district court order administratively closing the case with regard to his appeal from the Bar Order, but his substantive challenge pertains to the Bar Order itself. Because we dismiss Schepps' substantive arguments as moot, and because mootness is an independent jurisdictional barrier, *see North Carolina v. Rice*, 404 U.S. 244, 245-46 (1971), we need not and do not reach the question of whether the district court order administratively closing the case was a "final decision" over which we have jurisdiction under 28 U.S.C. §§ 158(d) and 1291. *See generally Mire v. Full Spectrum Lending Inc.*, 389 F.3d 163 (5th Cir. 2004) (explaining that in some situations an administratively closed case is the functional equivalent of a stay and cannot constitute a final appealable order, but in others it is the functional equivalent of a dismissal over which an appellate court can exercise review).

[4] 703 F.3d 296, 302-05 (5th Cir. 2012).

No. 13-10122

case on November 24, 2010 (the "Receivership Order").[5] The Receivership Order identified entities subject to the receivership as Baron and any Baron-controlled entity, and it "enjoin[ed] any person from taking any action based upon any [then] existing directive from any person other than the [r]eceiver with regard to the affairs and business" of any such entity.[6] It also gave the receiver exclusive authority to act on behalf of any such entity in legal proceedings and to control such entity's actions in such proceedings.[7] After entry of the Receivership Order, Schepps made several filings in the bankruptcy court on behalf of Novo Point, LLC, an entity expressly subject to the receivership, apparently in violation of the Receivership Order. In response to these filings, and on motion of the receiver, the bankruptcy court issued a show-cause order and initiated contempt proceedings against Schepps. Following several rounds of hearings, the bankruptcy court issued the Bar Order, the purpose of which was to prohibit Schepps from taking further action on behalf of entities subject to the receivership in violation of the Receivership Order.

Schepps appealed the Bar Order to the district court. By the time briefing was completed, "the [r]eceivership [was] in the process of winding down," and the district court reasoned that the underlying purpose of the Bar Order would not be further served by its enforcement at that time.[8] On June 18, 2012, the district court entered an "Order on Appeal" that effectively reversed the Bar Order.[9] The district court's Order on Appeal was entered on

---

[5] Doc. 130, Case No. 3:09-cv-00988-L (N.D. Tex.) (Order Appointing Receiver, Nov. 24, 2010).

[6] *Id.* at 2.

[7] *Id.* at 7-8.

[8] *See* R.996-1001.

[9] *Id.* at 1001 ("[I]t is ORDERED that Gary Schepps has a right to appear in the District Court as counsel of record for Baron and those entities he claims he owns. Schepps is

No. 13-10122

the bankruptcy court docket the same day.[10] In response to the Order on Appeal, the bankruptcy court issued the following order dated August 27, 2012:

> This court must honor the guidance and reasoning of the Article III court from which this bankruptcy court's authority to exercise bankruptcy jurisdiction flows. [The district court] has essentially indicated in the Order on Appeal of Schepps Bar Order that, regardless of whatever restrictions he may have at one time intended with respect to Novo Point, LLC and who may speak for it, he believes Schepps should be permitted to speak for Jeff Baron, Novo Point, LLC, and any other entities Jeff Baron claim he owns in these court proceedings. Given this ruling, this court does not believe it is appropriate to further consider the Show Cause Matters that it has had under advisement.
>
> WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that the Show Cause Matters are considered resolved and discharged and this court will not further consider the appropriateness of civil contempt sanctions against . . . Schepps.[11]

No party challenged the district court's Order on Appeal or the bankruptcy court's subsequent order discharging the show-cause matters against Schepps.

Months later, in *Netsphere*, we vacated the Receivership Order as improper.[12] We found it unnecessary to address an outstanding petition for a writ of mandamus filed by Novo Point, LLC, "which challenged the bankruptcy court's decision to strike various notices of appeal filed by Novo Point [because] [t]he bankruptcy court struck these notices based on its finding that they violated the terms of the [R]eceivership [O]rder—which we have now set aside."[13] To be clear, the Bar Order at issue today also stemmed from the

---

GRANTED LEAVE TO APPEAL all orders of the Bankruptcy Court allegedly affecting property now in possession and control of the Receiver on Jeffrey Baron's behalf.").

[10] Doc. 790, Case No. 09-34784-sgj-11 (Bankr. N.D. Tex.).

[11] Doc. 807, Case No. 09-34784-sgj-11 (Bankr. N.D. Tex.).

[12] 703 F.3d 296, 311 (5th Cir. 2012).

[13] *Id.* at 315.

## No. 13-10122

bankruptcy court's efforts to enforce the terms of the Receivership Order, which we vacated in *Netsphere*.

On January 7, 2013, the district court entered an order instructing the clerk to administratively close the case with regard to Schepps' appeal of the Bar Order because, "[i]n light of the Fifth Circuit's recent opinion [in *Netsphere*] . . . there are no further issues . . . to address concerning the appeal of the [B]ar [O]rder."[14] Schepps appeals the district court order administratively closing the case to our court.[15]

### II.

Our decision in *Netsphere* vacated the Receivership Order from which the Bar Order derived. Yet even before *Netsphere* issued both the district court and the bankruptcy court issued orders effectively vacating the Bar Order and discharging all show-cause matters against Schepps. Emphasizing that the Bar Order is no longer of any effect and that Schepps remains an officer of the court in good stead, we DISMISS this appeal as MOOT. The Trustee's motion to dismiss this appeal as untimely is DENIED as MOOT.

---

[14] R.1002.
[15] *Id.* at 1003-05.