# United States Court of Appeals
# for the Fifth Circuit

———————

No. 24-10246

CONSOLIDATED WITH

Nos. 24-10366, 24-10822, 24-10898

———————

United States Court of Appeals
Fifth Circuit

**FILED**

June 5, 2025

Lyle W. Cayce
Clerk

WESLEASE 2018 OPERATING, L.P.,

*Plaintiff—Appellee*,

*versus*

LINDA BEHAN; DALE BEHAN,

*Defendants—Appellants*,

CONSOLIDATED WITH

———————

No. 24-10460

———————

WESLEASE 2018 OPERATING, L.P.,

*Plaintiff—Appellee*,

*versus*

LINDA BEHAN; DALE BEHAN,

*Defendants—Appellants*,

J. SHELBY SHARPE,

*Appellant.*

_____

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CV-776

_____

Before ELROD, *Chief Judge*, and KING and GRAVES, *Circuit Judges*.
PER CURIAM:[*]

Dale and Linda Behan, two judgment creditors, appeal the district court's turnover order transferring an interest in stock from them to Weslease 2018 Operating, the judgment debtor. The Behans also appeal four orders enforcing the turnover order. Because the district court later superseded all of these orders when it appointed a receiver to take possession of the Behans' property, we DISMISS these consolidated appeals as moot.

I

Around a decade ago, Weslease 2018 Operating lent the Behans and several of their companies around $7 million in two separate loans to finance the purchase of equipment. The Behans and their companies failed to repay these debts. So Weslease sought, and later obtained, two judgments against them. *Weslease 2018 Operating, LP v. Behan*, No. 1:19-cv-157, slip op. at 1 (D.N.D. Dec. 22, 2021); *Weslease 2018 Operating, LP v. Innovative Sand Sols., LLC*, No. 4:20-CV-0776-P, 2022 WL 1604787, (N.D. Tex. May 10, 2022), *aff'd*, 2022 WL 17614861 (5th Cir. Dec. 13, 2022).

To collect on these two judgments, Weslease filed three turnover applications under Texas Civil Practice & Remedies Code § 31.002,[1] which

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] The Federal Rules of Civil Procedure authorize federal courts to execute judgments using the law of the state in which the court is located. Fed. R. Civ. P. 69(a)(1).

permits judgment creditors to seize nonexempt property from judgment debtors to satisfy unpaid judgments. In the first two applications, Weslease requested certain real property owned by River North Farms, Inc., a corporation in which the Behans held all shares of outstanding stock. Both applications were denied on the grounds that Texas law only permits a judgment creditor to collect property owned by the judgment debtor. Because the real property was owned by River North, the courts held that it was not subject to turnover.

In February 2024, Weslease filed its third turnover application. This time, it requested the Behans' stock interest in River North and a list of all of the Behans' assets. The district court granted this request in the "Turnover Order," and ordered the Behans to "turnover all stock/membership in [River North] to the United States Marshals, Fort Worth office." As it explained, Weslease, by virtue of the Turnover Order, became the 100% owner of River North's stock. The Behans timely appealed this order.

Thereafter, Weslease attempted to access River North-owned real property. The Behans and their counsel, J. Shelby Sharpe, refused to grant Weslease access, asserting that the Behans remained River North's directors with exclusive authority over that real property. So, starting in March 2024, Weslease filed several motions to enforce the Turnover Order. The district court granted these motions in four separate "Enforcement Orders."

Generally speaking, the Enforcement Orders required the Behans to "refrain from interfering with Weslease's exercise of any and all rights conferred under the Turnover Order, or any other Order of this Court." For example, the court ordered the Behans to provide Weslease with "gate

---

Here, Weslease filed its turnover applications in the U.S. District Court for the Northern District of Texas, so Texas law applies.

codes, keys, or anything else necessary for Weslease to access" the River North-owned real property after the Behans refused Weslease's requests for this information. The court also ordered the Behans to "withdraw or otherwise cause the nonsuit or dismissal" of state-court litigation that the Behans had filed on River North's behalf challenging Weslease's right to the real property.

In each of the four Enforcement Orders, the district court also ordered the Behans to pay Weslease's attorneys' fees. In the second and fourth orders, the court ordered the Behans to pay Weslease $5,000 as sanctions for their actions that led to the motions to enforce. Further, the court's second order held the Behans and Sharpe jointly and severally liable for the sanctions.

The Behans timely appealed each of these orders. We later consolidated the Behans' appeals of the Turnover Order and the four Enforcement Orders.

In September 2024, after these appeals were filed, the district court appointed a receiver to take "exclusive custody, control, and possession of non-exempt property of whatever kind and wherever situated" of the Behans, including "all entities owned in whole or to the extent they are owned in part by" the Behans. This order explicitly "supersede[d] and/or amend[ed]" the prior orders, except for the portions of the orders that awarded attorneys' fees and sanctions. The Behans did not appeal the order appointing a receiver.

## II

The parties agree that we have jurisdiction over the appeals of the Turnover and Enforcement Orders because they are "final decision[s]" under 28 U.S.C. § 1291. *See Hewlett-Packard Co. v. Quanta Storage, Inc.*, 961

F.3d 731, 741–42 (5th Cir. 2020) (concluding that turnover and enforcement orders under Texas law are final and appealable under § 1291).

The Behans make two arguments regarding the Turnover Order: (1) Weslease's requested turnover relief is barred by res judicata because its two prior turnover applications were denied; and (2) the property ordered turned over is not subject to turnover under Texas law. The Behans argue that the Enforcement Orders are improper because they exceed the authority granted to the district court under Texas law. Weslease disagrees.

Weslease and the receiver, who submitted an *amicus* brief to the court, contend that these appeals are now moot following the appointment of the receiver. We consider mootness first because it is a "threshold jurisdictional inquiry." *DeOtte v. Nevada*, 20 F.4th 1055, 1064 (5th Cir. 2021) (citation omitted).

## A

"[M]ootness accounts for such events that occur during the litigation." *Pool v. City of Houston*, 978 F.3d 307, 313 (5th Cir. 2020). "As a general rule, 'any set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot.'" *Env't Conservation Org. v. City of Dallas*, 529 F.3d 519, 527 (5th Cir. 2008) (citation omitted). "If intervening circumstances make it impossible for the court to 'grant any effectual relief,' the case is moot." *Pool*, 978 F.3d at 313 (quoting *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012)).

Under similar circumstances, we recently concluded that a district court's post-appeal orders mooted the appeal in *Securities & Exchange Commission v. Barton*, No. 22-11242, 2024 WL 1087366, at *3 (5th Cir. Mar. 13, 2024). There, one party appealed the district court's ratification of a receiver's proposed settlement agreement. *Id.* at *2. After the appeal was filed, the district court entered a new receivership order and simultaneously

24-10246
c/w Nos. 24-10366, 24-10460, 24-10822, 24-10898

ratified the prior settlement agreement. *Id.* We explained that the appeal was moot because the post-appeal order had become the "'operative' ruling of the district court" that the appellant needed to attack to obtain its requested relief. *Id.* at *3. Similarly, we have dismissed an appeal as moot where district and bankruptcy courts had "effectively vacat[ed]" the order from which the appeal arose. *In re Ondova Ltd. Co.*, 619 F. App'x 362, 365 (5th Cir. 2015).

So too here. In this case, the district court's order appointing a receiver explicitly "supersedes and/or amends all portions of the court's prior orders directing the turnover of assets of any Receivership Parties to Weslease." The term "Receivership Parties" is defined to include "all entities owned in whole or to the extent they are owned in part by" the Behans. In other words, the Behans' property previously turned over to Weslease is now in the possession of the receiver.

The Behans contend that, following their appeals, the district court lacked jurisdiction to appoint a receiver. But they have not appealed the order appointing a receiver, so we do not consider the district court's jurisdiction to enter that order. *See Flast v. Cohen*, 392 U.S. 83, 96 (1968) ("[T]he oldest and most consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions." (citation omitted)).

Accordingly, we cannot grant any effectual relief to the Behans. *See Pool*, 978 F.3d at 313. Any controversy now lies between the Behans and the receiver, not Weslease. These five appeals are now moot, except for the awards of attorneys' fees and sanctions, which the district court specifically left intact.[2] *See id.*

---

[2] This opinion concludes only that these appeals are moot, not that the Behans' arguments are without foundation. Indeed, on the record and arguments before us, we question whether the Turnover Order's conveyance of stock to Weslease granted Weslease any rights in real property owned by River North, a non-judgment debtor third party. *See*

24-10246
c/w Nos. 24-10366, 24-10460, 24-10822, 24-10898

B

Having concluded that these five appeals are now moot, all that remains is for us to review the award of attorneys' fees and sanctions.

The Texas turnover statute permits a district court to award both attorneys' fees and sanctions. *See* Tex. Civ. Prac. & Rem. Code § 31.002(c), (e). The Behans do not argue that the awards themselves were improper. Rather, they contend that they are entitled to reimbursement for fees and sanctions because the Turnover and Enforcement Orders are "invalid." Weslease, by contrast, contends that the awards are proper because they were within the district court's discretion under § 31.002 and the underlying Orders were valid. While both parties addressed the possible mootness of the Orders, neither offered a proposed course of action with respect to the fees and sanctions in the event that we held that the Orders were moot.

We have previously concluded that we lacked § 1291 jurisdiction to resolve fee and sanction disputes where the underlying merits issues remained before the district court. In *Pool v. City of Houston*, for example, we held that an order denying attorneys' fees became an "interim" order when another panel of this court had remanded the merits issues to the district court. 858 F. App'x 732, 734 (5th Cir. 2021) (citing *Shipes v. Trinity Indus., Inc.*, 883 F.2d 339, 341–45 (5th Cir. 1989)). In *Quilling v. Funding Resource Group*, we did the same for contempt sanctions because the sanctions were

_____

*Dole Food Co. v. Patrickson*, 538 U.S. 468, 475 (2003) ("An individual shareholder, by virtue of his ownership of shares, does not own the corporation's assets . . . ."); *Bollore S.A. v. Imp. Warehouse, Inc.*, 448 F.3d 317, 322 (5th Cir. 2006) ("Texas courts construing the turnover statute have expressly and consistently held that it may be used to reach only the assets of parties to the judgment, not the assets of non-judgment [debtor] third parties."). The Behans may continue to press their substantive arguments in district court proceedings involving the receiver's possession of the Behans' property, or in appeals arising out of the same.

7

"part and parcel" of continuing litigation in the district court. 227 F.3d 231, 235–36 (5th Cir. 2000).

The district court may modify its conclusions underlying the Orders in future proceedings involving the receiver. If that occurs, the Behans and Sharpe may seek relief from the fee awards or sanctions. We decline to grant that relief at this juncture.

\*     \*     \*

Accordingly, we DISMISS these appeals as moot.