# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 26, 2025

Lyle W. Cayce
Clerk

No. 25-60048
Summary Calendar
———————————

In the Matter of Ikechukwu H. Okorie

*Debtor*,

Ikechukwu H. Okorie,

*Appellant*,

*versus*

Citizens Financial Group, Incorporated; R. Andrew Foxworth,

*Appellees*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:24-CV-50

———————————————————————

Before Davis, Smith, and Higginson, *Circuit Judges*.

Per Curiam:[*]

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60048

District courts have jurisdiction to review final bankruptcy-court rulings as a matter of right, and nonfinal rulings with leave of court.[1] Our jurisdiction over bankruptcy matters is more circumscribed, extending only to final decisions entered by district courts.[2] Despite that limited jurisdiction, pro se Debtor-Appellant Ikechukwu Okorie asks us to review a district-court order denying him leave to appeal a bankruptcy court's interlocutory ruling. Because both rulings at bar are definitionally nonfinal, we lack subject-matter jurisdiction over, and therefore DISMISS, Okorie's appeal.

This case derives from identical motions to recuse the bankruptcy judge that Okorie filed in his bankruptcy case and a related adversary proceeding. The bankruptcy judge denied the motions in a single ruling, and Okorie sought review by the district court. The district court observed that the ruling appealed—*viz.*, the bankruptcy court's denial of identical motions to recuse—was nonfinal, which precluded an appeal as of right. The court then liberally construed Okorie's notice of appeal as a motion for leave to appeal,[3] and denied the recharacterized motion under the standard for appealing interlocutory rulings under 28 U.S.C. § 1292(b). Okorie now appeals that denial of leave, arguing the bankruptcy court's decision on recusal is appealable under the collateral-order doctrine.

---

[1] 28 U.S.C. § 158(a)(1), (a)(3) (establishing jurisdiction in district courts over "final judgments, orders, and decrees" of bankruptcy courts and over interlocutory orders "with leave of the court"); *Smith v. Revie* (*In re Moody*), 817 F.2d 365, 366 (5th Cir. 1987) ("28 U.S.C. § 158(a) . . . requires finality for appeals from bankruptcy court decisions to the district court unless the district court grants leave to pursue an interlocutory appeal.").

[2] 28 U.S.C. § 158(d)(1). *But see id.* § 158(d)(2) (establishing appellate jurisdiction over certain appeals not at issue here via certification by the bankruptcy or district court (or bankruptcy appellate panel)).

[3] *See* FED. R. BANKR. P. 8004(d).

No. 25-60048

Okorie's argument is without merit. Our caselaw confirms the bankruptcy court's declination to recuse is an interlocutory order not subject to the collateral-order doctrine.[4] Because the bankruptcy court's order is categorically nonfinal, the district court's denial of leave to appeal it is nonfinal as well, and beyond our jurisdiction.[5] The appeal is DISMISSED for want of jurisdiction, and the case REMANDED to the bankruptcy court for further proceedings as appropriate.

---

[4] *Nobby Lobby, Inc. v. City of Dallas*, 970 F.2d 82, 85–86 & n.3 (5th Cir. 1992); *Friendly Fin. Serv.–Eastgate, Inc. v. Dorsey* (*In re Dorsey*), 489 F. App'x 763, 764 (5th Cir. 2012) (per curiam) ("The denial of a motion to disqualify is not an appealable final order under 28 U.S.C. § 1291, is not subject to the collateral order doctrine, and is not an appealable interlocutory order under 28 U.S.C. § 1292(a).").

[5] *In re Moody*, 817 F.2d at 366 ("We need not review the district court's failure to grant leave, however, for if the bankruptcy court order was indeed interlocutory, the district court's denial of leave to appeal would also be interlocutory and hence unappealable as well.").