**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**FILED**

November 24, 2014

Lyle W. Cayce
Clerk

No. 13-31130

SOUTHWESTERN ELECTRIC POWER COMPANY; AMERICAN
ELECTRIC POWER SERVICE CORPORATION; AMERICAN ELECTRIC
POWER COMPANY, INCORPORATED,

Plaintiffs - Appellants

v.

CERTAIN UNDERWRITERS AT LLOYDS OF LONDON; GREAT LAKES
REINSURANCE (U. K.), P.L.C.; PRINCETON EXCESS & SURPLUS LINES
INSURANCE COMPANY; ASSOCIATED ELECTRIC & GAS INSURANCE
SERVICES, LIMITED; ACE AMERICAN INSURANCE COMPANY;
INFRASSURE, LIMITED; ARCH INSURANCE COMPANY, EUROPE,
LIMITED,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana

Before SMITH, BARKSDALE, and HAYNES, Circuit Judges.

HAYNES, Circuit Judge:

Southwestern Electric Power Company, American Electric Power
Service Corporation ("AEPSC"), and American Electric Power Company,

No. 13-31130

Incorporated ("AEP") (collectively, "SWEPCO")[1] appeal the district court's September 2013 order granting a motion to compel arbitration ("Motion to Compel Arbitration") filed by Certain Underwriters at Lloyd's of London and several insurance companies (collectively, "Underwriters"). We DISMISS this case for lack of appellate jurisdiction because the district court's September 2013 Order is not a final, appealable order within the meaning of the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), *see* 9 U.S.C. §§ 201–08, or the Federal Arbitration Act ("FAA"), *see* 9 U.S.C. §§ 1–16.

## I. Factual Background and Procedural History

SWEPCO is a public electric utility serving Louisiana, Arkansas, and Texas. This suit arose out of an insurance policy SWEPCO purchased from the Underwriters for coverage associated with the construction of a power plant in Louisiana. After this case was removed to federal district court from state court, the Underwriters filed the Motion to Compel Arbitration pursuant to the Convention.

Over SWEPCO's objection, the district court adopted the findings of the Report and Recommendation written by a magistrate judge, which reasoned that the insurance contract between the parties contained a clear and unambiguous arbitration clause. The court therefore granted the Motion to Compel Arbitration pursuant to the Convention, stayed the case, and closed the case for administrative purposes in a September 2013 Order. SWEPCO filed a notice of appeal from that order on October 24, 2013, and simultaneously filed a motion to enter final judgment as a separate document under Rule 58(d). The district court issued a second order on January 10, 2014, construing its

---

[1] AEP is the parent company of Southwestern Electric Power Company, and AEPSC is an affiliated company.

No. 13-31130

September 2013 Order as a final, appealable decision under the FAA, or finding the order was alternatively eligible for immediate appeal under 28 U.S.C. § 1292(b) as involving a controlling question of law from which an immediate appeal might materially advance the ultimate termination of the litigation. Neither Appellants nor Appellees ever filed the below-described statutorily required request with our court for leave to appeal under § 1292(b).

## II. Discussion

SWEPCO argues that under *Freudensprung v. Offshore Technical Services., Inc.,* 379 F.3d 327, 335–37 (5th Cir. 2004), the September 2013 Order is final and appealable based on the district court's expressed intent and an administrative closure. The Underwriters counter that Fifth Circuit case law interprets orders staying and administratively closing cases as interlocutory, and that the September 2013 Order fits this mold. *See, e.g.*, *Mire v. Full Spectrum Lending Inc.*, 389 F.3d 163, 165-67 (5th Cir. 2004). In supplemental briefs on jurisdiction filed at our direction and at oral argument, the parties conceded that this court lacks appellate jurisdiction under 28 U.S.C. § 1292(b) because neither party petitioned this court for discretionary review as § 1292(b) requires.[2] Appellate jurisdiction hinges on whether the September 2013 Order is final and appealable under our case law.

---

[2] SWEPCO explains it did not petition for a discretionary appeal because it believed it could not do so from what it viewed as a final, appealable order. Whatever the motivations, it is clear that if no final order was entered we lack jurisdiction to consider this as an interlocutory appeal. Interlocutory appellate jurisdiction in this situation requires that the district court certify an interlocutory order for immediate appeal under § 1292(b). *See* 9 U.S.C. § 16(b). Upon such a certification, we then may permit a discretionary appeal "if application is made to [this court] within ten days after the entry of the order." 28 U.S.C. § 1292(b); *see also* FED. R. APP. P. 5(a)–(b) (specifying that a party "must file a petition for permission to appeal" that follows certain requirements as to content, service, and form if the party wishes to "request permission to appeal when an appeal is within the court of appeals' discretion"). Filing for permission to appeal within ten days of certification is a jurisdictional requirement which was not met here. *See, e.g.*, *Aparicio v. Swan Lake*, 643 F.2d 1109, 1110-

3

No. 13-31130

Usually, this court only has jurisdiction over appeals from final orders, and may raise the issue of jurisdiction sua sponte. *See* 28 U.S.C. § 1291; *CitiFinancial Corp. v. Harrison*, 453 F.3d 245, 249 (5th Cir. 2006). Generally, the FAA "governs appellate review of arbitration orders," including those arising under the Convention. *Apache Bohai Corp., LDC v. Texaco China, B.V.*, 330 F.3d 307, 309 (5th Cir. 2003); 9 U.S.C. §§ 16, 208. The law carries out "Congress's intent in enacting [the FAA] . . . to favor arbitration" by "authorizing immediate appeals from orders disfavoring arbitration and forbidding immediate appeals from orders favoring arbitration." *Apache Bohai*, 330 F.3d at 309; 9 U.S.C. §§ 16, 208. "Except as otherwise provided in [28 U.S.C. § 1292(b)], an appeal may not be taken from an interlocutory order . . . compelling arbitration under [9 U.S.C. § 206, the Convention] . . . ." 9 U.S.C. § 16(b)(3). However, an appeal may be taken from "a final decision with respect to an arbitration that is subject to" the FAA or Convention. 9 U.S.C. § 16(a)(3).

The Supreme Court has defined "final decision with respect to an arbitration" to mean "a decision that ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 86 (2000) (internal quotation marks omitted). Applying this definition in *Green Tree*, the Supreme Court found a district court's order was "'a final decision with respect to an arbitration' within the meaning of [9 U.S.C.] § 16(a)(3)" when the order "directed that the dispute be resolved by arbitration and dismissed

---

12 (5th Cir. Unit A Apr. 1981); *Jones v. Diamond*, 519 F.2d 1090, 1094 (5th Cir. 1975) (noting that although a plaintiff had filed a timely notice of appeal, he did not request a discretionary appeal until ten months after a § 1292(b) certification, holding "[t]hus, unless we have jurisdiction of the appeal from the class action order independent of section 1292(b), we must dismiss the appeal for lack of a final judgment").

No. 13-31130

respondent's claims with prejudice, leaving the court nothing to do but execute the judgment," in that it had "plainly disposed of the entire case on the merits and left no part of it pending before the court." *Id.* at 85–87 (quoting 9 U.S.C. § 16(a)(3)).

Under *Green Tree*, we examine the language and nature of an order, along with the district court's intent, when determining whether an order is final and appealable. *See, e.g.*, *Mire*, 389 F.3d at 165–67; *Apache Bohai*, 330 F.3d at 310; *Gulf Guar. Life Ins. Co. v. Conn. Gen. Life Ins. Co.*, 304 F.3d 476, 480–81, 483 (5th Cir. 2002). A district court order that compels arbitration and dismisses or closes a case outright possesses finality and confers jurisdiction on this court. *See Am. Heritage Life Ins. Co. v. Orr*, 294 F.3d 702, 707–08 (5th Cir. 2002) (holding an order was final and appealable where it "closed" the case and that there was "no practical distinction between 'dismiss' and 'close' for the purposes of [that] appeal"). But a district court order staying and administratively closing a case lacks the finality of an outright dismissal or closure. *See, e.g.*, *S. La. Cement, Inc. v. Van Aalst Bulk Handling, B.V.*, 383 F.3d 297, 299–302 (5th Cir. 2004) (holding an order administratively closing a case and staying proceedings was interlocutory and noting the Fifth Circuit "has held post-*American Heritage* that unlike a dismissal a stay, by definition, constitutes a postponement of proceedings, not a termination, and thus lacks finality"); *Mire*, 389 F.3d at 166–67 (rejecting appellant's argument "that the administrat[ive] closure is akin to a dismissal" under *Apache Bohai* and Fifth Circuit case law, noting administrative closure has an effect "no different from a simple stay, except that it affects the count of active cases pending on the court's docket").

In short, our case law has developed a clear distinction between final orders dismissing cases after compelling arbitration and interlocutory orders

5

staying and administratively closing cases pending arbitration. *See Mire*, 389 F.3d at 165–67 ("'[H]ad the District Court entered a stay instead of a dismissal in this case, that order would not be appealable.'" (quoting *Green Tree*, 531 U.S. at 87 n.2)); *Apache Bohai,* 330 F.3d at 309–10; *Am. Heritage*, 294 F.3d at 707–08. *See also ATAC Corp. v. Arthur Treacher's, Inc.*, 280 F.3d 1091, 1099, 1102 (6th Cir. 2002) (discussing the differences between reopening a stayed case and reopening a dismissed case and finding that "[e]ven if the district court has nothing left to do unless and until one of the parties moves to reopen the case after arbitration, that does not make a stay and a dismissal equivalent").

Here, the district court's September 2013 Order compelling arbitration granted a "[s]tay" of the "[p]roceedings," "ORDERED that this civil action is stayed," and directed the clerk "to close the case for administrative purposes given the unlikelihood that further proceedings in this action will be necessary." In a later ruling on SWEPCO's Rule 58(d) motion for a separate judgment, the district court carefully construed its earlier ruling. Notably, the district court considered case law to construe the prior order "as a final, appealable decision within the statutory framework of the [FAA]." It did not issue a clarification that its prior order was intended to be final and appealable,[3] did not purport to grant SWEPCO's motion, and did not issue a new order with the necessary trappings of finality.[4]

---

[3] Thus, we need not decide what effect, if any, such a statement would have on the analysis.

[4] SWEPCO attempts to rely on PACER docket sheet entries as evidence of the September 2013 Order's finality. PACER docket entries do not establish the import of an order. Instead, we analyze the nature and language of the September 2013 Order itself. *See Burke v. Comm'r of Internal Revenue*, 301 F.2d 903, 903 (1st Cir. 1962) ("It is true that a docket entry reflects the action taken by the court below on the bench. But a docket entry is not per se a judgment. It is but a minute of action taken by the court, for courts render judgments; clerks only enter them on the court records. What is determinative therefore is the action of the court, not that of the clerk . . . .").

No. 13-31130

We conclude the September 2013 Order is interlocutory under our jurisprudence. *See Mire*, 389 F.3d at 165–67. The September 2013 Order stayed the case and closed it only for administrative purposes, rather than dismissing the case outright. *Id.*; *CitiFinancial*, 453 F.3d at 249–51. Although the district court did not anticipate a likelihood that further proceedings would be necessary, finality requires an order that "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." *Green Tree*, 531 U.S. at 86 (internal quotation marks omitted). Unlike the order in *American Heritage*, the September 2013 Order did not close the case outright. *Cf. Am. Heritage*, 294 F.3d at 707–08. Nor did the September 2013 Order dismiss the case. Instead, the order performed docket management by administratively closing the case, such that the parties could easily reopen it in the district court should further proceedings prove necessary.[5] The September 2013 Order thus lacks finality, and we have no jurisdiction to review it.

Accordingly, this appeal is DISMISSED for lack of appellate jurisdiction. *See* 28 U.S.C. § 1291.

---

[5] *Freudensprung* does not mandate a different result. That case was concerned with the issue of timeliness under Rule 58's separate document requirement. 379 F.3d at 335–37.