**Dismissed and Opinion Filed September 10, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00769-CV

**DAVID MILLS, Appellant**

**V.**

**ADVOCARE INTERNATIONAL, LP, Appellee**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-05004-2014**

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Lang-Miers and Stoddart
Opinion by Chief Justice Wright

Appellant appeals the trial court's May 28, 2015 order granting Appellee's Motion to Stay Proceedings and Compel Arbitration. Upon review of the clerk's record, it appeared that the order appealed was not an appealable order. By letter dated July 31, 2015, we notified the parties that we questioned our jurisdiction over the appeal and requested jurisdictional briefing from the parties.

Appellate courts may review only final judgments or interlocutory orders specifically made appealable by statute. *See Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 195 (Tex. 2001). A judgment is final for purposes of appeal "if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Bison Bldg. Materials, Ltd. v. Aldridge*, 422 S.W.3d 582, 585 (Tex. 2012) (quoting *Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 192–93 (Tex. 2001)). If

an order "leaves significant factual and legal issues open for further determination, it is interlocutory." *Id.* In the instant case, appellant appeals an order that stayed the proceedings and compelled the parties to submit to an arbitration; however, the trial court did not dismiss his case. Because the trial court's order does not dispose of all claims and parties, nor does it state that it is a final judgment as to all claims and all parties, the order is interlocutory. Thus, we have jurisdiction only if a statute allows appellant to appeal this interlocutory order.

Appellee sought arbitration under both the Federal Arbitration Act and under the Texas General Arbitration Act. Whether this Court applies state or federal law to the arbitration clause in this case, we do not have jurisdiction to hear this appeal. Section 51 of the Civil Practice and Remedies Code allows, in matters subject to the Federal Arbitration Act, appeals of an interlocutory order of a state district court under the same circumstances that an appeal from a federal district court order would be permitted by 9 U.S.C. Section 16. TEX. CIV. PRAC. & REM. CODE ANN. § 51.016 (West 2015). The Federal Arbitration Act (FAA) provides that an appeal may be taken from an order (A) refusing a stay of any action under section 3 of the FAA, (B) denying a petition under section 4 of the FAA to order arbitration to proceed, (C) denying an application under section 206 of the FAA to compel arbitration, (D) confirming or denying confirmation of an award or partial award, or (E) modifying, correcting, or vacating an award. Federal Arbitration Act, 9 U.S.C. § 16(a)(1) (2012). Appellant appeals the trial court's order compelling arbitration. This type of appeal is not in the enumerated list of appealable orders in section 16(a)(1).

Section 16(a)(3) of the FAA also allows for the appeal of a final decision with respect to arbitration. 9 U.S.C. 16(a)(3). The Supreme Court defines "final decision with respect to an arbitration" to mean "a decision that ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." *Green Tree Fin. Corp.–Ala. v. Randolph*, 531 U.S. 79, 86 (2000); *see Sw. Elec. Power Co. v. Certain Underwriters at Lloyds of London*, 772 F.3d 384, 387

(5th Cir. 2014). Because the appeal in this case rises from an order compelling arbitration and staying the proceedings pending arbitration rather than dismissing the case with prejudice, the trial court's May 28, 2015 order does not meet the final decision requirement of section 16(a)(3).

Further, the Federal Arbitration Act specifically rejects the type of appeal appellant raises. Section 16(b)(2) explicitly directs that an appeal may not be taken from an interlocutory order that directs arbitration to proceed under section 4 of the FAA. 9 U.S.C. § 16(b)(2). Section 4 of the Federal Arbitration Act gives the court authority to issue "an order directing that . . . arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. In the instant case, the trial court found that a valid arbitration agreement existed and issued an order directing that arbitration proceed under that agreement. Because the trial court compelled arbitration under 9 U.S.C. section 4 and appellant's appeal is expressly rejected by section 16(b)(2), this Court lacks jurisdiction under federal law.

This Court also lacks jurisdiction under state law. Section 171 of the Texas Civil Practice and Remedies Code provides that a party may appeal an order (1) denying an application to compel arbitration made under Section 171.021; (2) granting an application to stay arbitration made under Section 171.023; (3) confirming or denying confirmation of an award; (4) modifying or correcting an award; or (5) vacating an award without directing a rehearing. TEX. CIV. PRAC. & REM. CODE ANN. § 171.098 (West 2011). As under federal law, appellant's appeal of the trial court's order granting an application to compel arbitration is not included in the exhaustive list of appealable orders. Thus, this Court also lacks jurisdiction under state law.

Appellant states that he appeals the process in which the trial court arrived at its decision rather than the order to compel arbitration. Specifically, appellant contests the trial court's determination that an arbitration agreement existed between the parties. Appellant cites an Eighth Circuit case, *Nebraska Machinery Co. v. Cargotec Solutions, LLC*, to persuade this Court

to consider whether the underlying arbitration agreement is valid. *Nebraska Machinery Co. v. Cargotec Solutions, LLC* involved an appeal of a trial court's denial of a motion to compel arbitration. *Nebraska Mach. Co. v. Cargotec Solutions, LLC*, 762 F.3d 737, 740 (8th Cir. 2014). The Eighth Circuit could consider whether the underlying arbitration agreement was valid because the court had jurisdiction to hear the case. An order denying a petition to compel arbitration to proceed is an appealable order under federal law. *See* 9 U.S.C. § 16. Thus, the instant case is not analogous to *Nebraska Machinery Co.*, and appellant's argument is unpersuasive.

Because appellant's appeal is strictly precluded under federal and state law, this Court lacks jurisdiction to hear appellant's appeal. *See* 9 U.S.C. § 16; TEX. CIV. PRAC. & REM. CODE ANN. § 51.016 (West 2015); TEX. CIV. PRAC. & REM. CODE ANN. § 171.098 (West 2011).

Accordingly, we dismiss this appeal for want of jurisdiction.


150769F.P05

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

DAVID MILLS, Appellant

No. 05-15-00769-CV      V.

ADVOCARE INTERNATIONAL, LP,
Appellee

On Appeal from the 401st Judicial District
Court, Collin County, Texas
Trial Court Cause No. 401-05004-2014.
Opinion delivered by Chief Justice Wright.
Justices Lang-Miers and Stoddart
participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellee ADVOCARE INTERNATIONAL, LP recover its costs of this appeal from appellant DAVID MILLS.

Judgment entered September 10, 2015.