# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30848
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 28, 2016

Lyle W. Cayce
Clerk

PRECISION BUILDERS, INCORPORATED, doing business as Precision Builders,

Plaintiff - Appellee

v.

OLYMPIC GROUP, L.L.C.; MAURICE ROY HURST,

Defendants - Appellants

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:13-CV-141

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:*

The Olympic Group, L.L.C. ("Olympic") and Maurice Roy Hurst (collectively, "Defendants") appeal from the district court's summary denials of their motions to stay proceedings and compel arbitration against Precision Builders, Inc. ("Precision"), to set aside the entry of default and default judgment against Olympic, and to dismiss the case pursuant to Federal Rule

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## No. 15-30848

of Civil Procedure 19 for failure to join an allegedly indispensable party. Because we lack jurisdiction over the denials of the motions to set aside the default judgment and to dismiss the case pursuant to Rule 19, we DISMISS the Defendants' appeals from those denials. For the reasons that follow, we AFFIRM the district court's denial of Defendants' motion to stay proceedings and compel arbitration, and we REMAND this case for further proceedings.

### I.  Background[1]

Precision and Olympic entered into a subcontract agreement regarding construction work on Barksdale Air Force Base, for which Olympic was the general contractor.  In January 2013, Precision filed suit in federal court against Olympic and other parties[2] under the Miller Act, 40 U.S.C. §§ 3131–3134, for damages, costs, and attorneys' fees related to Olympic's alleged failure to pay Precision for work performed under the subcontract.  Olympic filed a motion to dismiss for improper venue, claiming a forum selection clause in the subcontract mandated litigation in state court.  The district court denied this motion, and Olympic filed an answer and counterclaim against Precision, which Precision answered in November 2013.  The district court then ordered the parties to serve initial disclosures and begin discovery.

In January 2014, the magistrate judge granted Precision's motion to amend its complaint to add Hurst and another party,[3] as Precision alleged they should be personally liable for actions committed by or on behalf of Olympic. Hurst answered the amended complaint in April 2014.  Meanwhile, counsel for

---

[1]  The facts relevant to our disposition of this appeal are not in dispute.

[2]  Precision also sued AF Global Revest Indemnity Trust and T. Glinton Harris (collectively, the "Sureties").  The Trust issued a payment and performance bond to Olympic for the construction project, signed by Harris as attorney for the Trust.  The district court entered default judgment against the Sureties and assessed attorneys' fees against them, and the Sureties did not appeal to contest that judgment, so we do not discuss them.

[3]  Precision also moved to add Sandra Vicknair, who has not appeared in this appeal.

No. 15-30848

Olympic moved to withdraw due to Olympic's failure to pay outstanding balances. The magistrate judge granted the motion to withdraw on April 16, 2014, and since business associations may appear in federal court only through a licensed attorney, *see Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004), the magistrate judge gave Olympic until May 15, 2014, to enroll new counsel. If Olympic failed to do so, the magistrate judge warned, Olympic's answers might be stricken and the counterclaim dismissed for failure to prosecute, potentially leading to a default judgment.

With no indication that Olympic had obtained new counsel, Precision moved to strike Olympic's answer and counterclaim for failure to obtain counsel and for failure to prosecute. On July 17, 2014, with no word from Olympic, the district court granted the motion, struck Olympic's answer, and dismissed its counterclaim. On Precision's motion, the clerk of court entered default against Olympic on August 18, 2014. Precision filed a motion for default judgment against Olympic, among others, on September 23, 2014, appending evidence of the damages it claimed were due from Olympic, along with a log showing its expenditure of $41,348.50 in attorneys' fees related to Olympic's suit as of that date. When Olympic failed to respond to the motion, the district court entered default judgment and assessed damages and attorneys' fees. The court reserved Precision's rights against Hurst and another individual defendant.

The case proceeded against Hurst and the other defendant, who represented themselves pro se, with a bench trial scheduled for September 2015. The parties agreed to a scheduling order in March 2015, and accordingly prepared pretrial objections and submissions, held a pretrial conference, and submitted a proposed pretrial order and witness and exhibit lists. On September 13, 2015, attorney La Koshia R. Roberts moved to enroll as counsel of record for Olympic and Hurst and requested a continuance. The district

3

No. 15-30848

court allowed Roberts to enroll as counsel, but denied the motion for a continuance. On September 16, 2015, with trial scheduled for September 30, counsel for Olympic and Hurst filed the three motions at issue in this appeal: (1) a motion to dismiss pursuant to Rule 19, (2) a motion to set aside entry and default judgment against Olympic, and (3) a motion to stay proceedings and compel arbitration between Precision, Hurst, and Olympic. Following Precision's responses, the district court denied each motion summarily on September 21, 2015. Hurst and Olympic filed a notice of appeal from those orders, and the district court stayed the trial pending this appeal.

## II. Jurisdiction and Standard of Review

With certain exceptions, we generally possess jurisdiction only over appeals from final orders. *See* 28 U.S.C. § 1291; *Sw. Elec. Power Co. v. Certain Underwriters at Lloyds of London* (*SWEPCO*), 772 F.3d 384, 386 (5th Cir. 2014). We must raise the issue of jurisdiction on our own motion, if necessary. *SWEPCO*, 772 F.3d at 386. Here, we possess jurisdiction over the denial of the motion to compel arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16, which authorizes immediate appeals even from interlocutory orders declining to compel arbitration. *See* 9 U.S.C. § 16; *SWEPCO*, 772 F.3d at 386–87; *MC Asset Recovery LLC v. Castex Energy, Inc.* (*In re Mirant Corp.*), 613 F.3d 584, 588 (5th Cir. 2010). We review de novo a district court's denial of a motion to compel arbitration. *In re Mirant Corp.*, 613 F.3d at 588. We may affirm the district court on any ground raised by the parties below and supported by the record. *See Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 338 n.5 (5th Cir. 2004).

We dismiss the appeals involving the denial of Defendants' Rule 19 motion and motion to set aside default judgment, as we lack jurisdiction over these interlocutory orders that have not been certified for immediate appeal by the district court. "An order is final and appealable when it ends the litigation

4

No. 15-30848

and leaves nothing for the court to do but execute the judgment." *Elizondo v. Green*, 671 F.3d 506, 509 (5th Cir. 2012). "A dismissal of claims against some, but not all, defendants is not a final appealable judgment," absent an entry of judgment and a district court's certification under Federal Rule of Civil Procedure 54(b) that there is no justification for delaying an appeal. *Id.*; FED. R. CIV. P. 54(b); *cf.* 28 U.S.C. § 1292 (providing jurisdiction over certain interlocutory appeals not at issue here). The default judgment entered against Olympic and other parties left pending Precision's claims against Hurst and another party, making it an interlocutory order. The interlocutory order was not accompanied by a Rule 54(b) certification; in fact, in later staying the case, the district court expressed doubt over whether its denial of the motion to set aside the default judgment was "properly appealable." We thus lack jurisdiction over the district court's denial of Olympic's motion to set aside the default judgment. *See Elizondo*, 671 F.3d at 509; *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 350–51 (5th Cir. 2004).

Additionally, in most circumstances, "[o]rders granting or denying motions to add new parties to a pending suit are interlocutory and non-appealable." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. Unit A Oct. 1981); 15B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3914.18 (2d ed. 1992) ("[O]rders granting or denying joinder are not final." (footnotes omitted)); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 90 (2005) (concluding that Rule 19 addresses "party joinder, not federal-court subject-matter jurisdiction"). This applies to Defendants' Rule 19 motion, and we accordingly dismiss Defendants' appeal from the denial of the Rule 19 motion. *See Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1148–49 (10th Cir. 2011); *cf. DeMelo v. Woolsey Marine Indus., Inc.*, 677 F.2d 1030, 1035 n.12 (5th Cir. 1982).

5

No. 15-30848

### III.  Motion to Compel Arbitration

Defendants also appeal the district court's denial of their motion to stay proceedings and compel arbitration with Precision.  Precision argues neither Olympic nor Hurst may rely on the arbitration provision in the subcontract: Olympic, because Precision's claims against it have been adjudicated through a default judgment, and Hurst, because he was not a party to the subcontract. Precision also argues that both parties waived any ability to compel arbitration.  We need not and do not decide whether Precision may be compelled to arbitrate this dispute with both Hurst and Olympic or whether the district court properly granted the default judgment against Olympic. Even assuming arguendo that Hurst can invoke the arbitration agreement and that the district court should not have granted the default judgment against Olympic,[4] we conclude Hurst and Olympic have waived any rights to compel arbitration.  *See Petroleum Pipe Ams. Corp. v. Jindal Saw, Ltd.*, 575 F.3d 476, 480 (5th Cir. 2009).

A party seeking arbitration may waive it by "substantially invok[ing] the judicial process to the detriment or prejudice of the other party."  *Id.* (quoting *Walker v. J.C. Bradford & Co.*, 938 F.2d 575, 577 (5th Cir. 1991)).  A party substantially invokes the judicial process by engaging in "some overt act in

---

[4]  In rare cases, it is appropriate to take pendent appellate jurisdiction over interlocutory rulings that are inextricably intertwined with independently appealable orders. *See, e.g.*, *Thornton v. Gen. Motors Corp.*, 136 F.3d 450, 453–54 (5th Cir. 1998).  We decline to apply the doctrine of pendent appellate jurisdiction to examine the district court's denial of Defendants' Rule 19 motion or the motion to set aside the default judgment.  Review of those orders is not necessary to ensure meaningful review of the order declining to compel arbitration.  *See Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 51 (1995); *Byrum v. Landreth*, 566 F.3d 442, 449–450 (5th Cir. 2009).  Neither do the motions involve common factual and legal issues.  *See Cutler v. Stephen F. Austin State Univ.*, 767 F.3d 462, 468 (5th Cir. 2014). In this case, we may simply look through the district court's ruling on the motion to set aside the default judgment and, even assuming arguendo it was erroneous, we conclude Olympic has waived any potential ability to assert arbitration.  We thus decline to reach the merits of the other motions appealed by Olympic and Hurst.

court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration." *See Subway Equip. Leasing Corp. v. Forte*, 169 F.3d 324, 329 (5th Cir. 1999). "Prejudice in the context of arbitration waiver refers to delay, expense, and damage to a party's legal position." *See Nicholas v. KBR, Inc.*, 565 F.3d 904, 910 (5th Cir. 2009). Failing to demand arbitration and instead engaging in pretrial activity inconsistent with an intent to arbitrate allows the party opposing arbitration to more easily show prejudice. *See id.*; *Price v. Drexel Burnham Lambert, Inc.*, 791 F.2d 1156, 1161 (5th Cir. 1986).[5]

It is clear from the record in this case that Olympic and Hurst substantially invoked the judicial process, evincing a desire to litigate such that Precision would be prejudiced by an order compelling arbitration.[6] As noted *supra*, Precision filed its complaint against Olympic and Hurst in January 2013. Olympic filed a motion to dismiss the case for improper venue several months later, relying on a forum selection clause in the subcontract requiring suit to be brought in state court in Jefferson Parish, Louisiana.

---

[5] In their reply brief, Defendants cite both federal and Louisiana law in arguing that they did not waive any right to arbitration. We utilize state-law principles that govern the formation of contracts to determine whether any agreement to arbitrate has been formed. *See Grigson v. Creative Artists Agency L.L.C.*, 210 F.3d 524, 531 (5th Cir. 2000). Once formed, the arbitration agreement in this case became subject to the FAA; accordingly, federal standards govern certain issues, including whether a party has waived a right to compel arbitration. *See, e.g.*, *Nicholas*, 565 F.3d at 907–08; *In re Mirant Corp.*, 613 F.3d at 588–89. We therefore apply federal standards to determine whether Defendants have waived any right to compel arbitration in this case.

[6] Although the district court did not explicitly address whether Olympic and Hurst waived arbitration, the parties fully briefed the issue before the district court and before us, and we may affirm the district court on any ground supported by the record. *See Freudensprung*, 379 F.3d at 338 n.5. We find this record sufficient to conclude that waiver occurred. *See Tristar Fin. Ins. Agency, Inc. v. Equicredit Corp. of Am.*, 97 F. App'x 462, 463–66 (5th Cir. 2004) (examining the record and concluding no waiver of an arbitration agreement occurred, where the district court summarily denied a motion to compel arbitration and "made no underlying findings of fact"); *cf. Woodmen of the World Life Ins. Co. v. Lewis*, 118 F. App'x 826, 831 (5th Cir. 2004) (resolving an issue the district court did not reach because we found "the record before us complete as to this question" and that "a remand would only prolong unnecessary litigation").

Olympic attached the subcontract to its motion.  Of course, the subcontract includes an arbitration clause that mandates arbitration in Jefferson Parish. Yet, Olympic did not refer to the arbitration provision in its briefing before the district court.  After the court denied Olympic's motion to dismiss for improper venue, Olympic filed an answer and counterclaim in October 2013, again failing to mention any intent to arbitrate.   Precision answered the counterclaim the next month, and discovery began.  In January 2014, Precision amended its complaint, which Hurst answered several months later, without reserving or asserting any right to arbitration.  While failing to assert the right to demand arbitration in an answer or counterclaim does not necessarily waive the right, standing alone, *see Price*, 791 F.2d at 1161; *Nicholas*, 565 F.3d at 908 & n.3,  Defendants' actions here went far beyond simply defending themselves against Precision's lawsuit.   Failing to immediately demand or reserve the right to arbitration is one thing.  *See Steel Warehouse Co. v. Abalone Shipping Ltd. of Nicosai*, 141 F.3d 234, 236, 238 (5th Cir. 1998).  Waiting until just two weeks before a scheduled bench trial to give any hint of an arbitration demand is another.  *See Republic Ins. Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 344–47 (5th Cir. 2004).

In April 2014, over one year after the litigation began, Olympic's counsel withdrew.  From then until September 2015, Olympic filed nothing in the case. Nevertheless, Precision litigated against Hurst and expended resources on a motion for default judgment against Olympic.  Attorneys' fee logs attached to that motion reveal that the parties had already engaged in significant discovery and that Precision claimed over $40,000 in attorneys' fees in May 2014.  During the next year, Hurst and Precision prepared for a bench trial, taking depositions and submitting exhibit and witness lists.  In August 2015, the trial court held hearings and the parties agreed to a scheduling order, participated in a pretrial conference, and submitted a detailed proposed

pretrial order with stipulated facts and contested issues of fact and law. On September 13, 2015, with trial to commence on September 30, Olympic's counsel moved to enroll. On September 16, 2015, over two-and-a-half years after suit was filed, Olympic and Hurst moved to compel arbitration. Until this point, none of Olympic or Hurst's filings mentioned arbitration, and Defendants' filings and pretrial preparations evinced an intent to litigate the dispute with Precision. We therefore conclude that Olympic and Hurst substantially invoked the judicial process. *See Nicholas*, 565 F.3d at 909–10; *Miller Brewing Co. v. Fort Worth Distrib. Co.*, 781 F.2d 494, 497 (5th Cir. 1986).

We conclude prejudice also resulted here from Defendants' unexplained failure to assert the right to arbitrate until the middle of pretrial proceedings, two weeks before trial, over two years after the filing of the lawsuit. *See Nicholas*, 565 F.3d at 910–11; *cf. Storey v. Shearson-Am. Exp.*, 928 F.2d 159, 163 (5th Cir. 1991) (finding no waiver where "neither discovery nor motion practice occurred before [the defendant] invoked its arbitration right."). Precision incurred significant attorneys' fees and costs from the filing of suit in January 2013 until May 2014, as described above. Those costs mounted as Hurst continued in the litigation for over a year thereafter without invoking the arbitration clause. As described, Hurst and Precision completed many of the necessary preparations for a bench trial until, two weeks before the trial was scheduled to begin, Olympic and Hurst moved for arbitration. The years-long delay, discovery, motions practice, pretrial preparations, and expense would certainly result in prejudice to Precision if the district court ordered arbitration at this late stage. *See Nicholas*, 565 F.3d at 910–11; *Republic*, 383 F.3d at 346–47; *Miller Brewing*, 781 F.2d at 497–98. We therefore conclude that, even assuming arguendo Olympic and Hurst could properly assert any right to arbitration in September 2015, they have waived their ability to do so.

No. 15-30848

We affirm the district court's denial of Defendants' motion to compel arbitration.

## IV. Conclusion

For lack of jurisdiction, we DISMISS Defendants' appeals from the district court's denial of their Rule 19 motion and motion to set aside the default judgment against Olympic. For the reasons stated, we AFFIRM the district court's denial of Defendants' motion to stay proceedings and compel arbitration, and we REMAND the case for further proceedings in accordance with this opinion.