# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30847

United States Court of Appeals
Fifth Circuit

**FILED**

April 14, 2017

Lyle W. Cayce
Clerk

BORDELON MARINE, L.L.C.,

      Plaintiff - Appellant

v.

BIBBY SUBSEA ROV, L.L.C.,

      Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CV-1106

Before WIENER, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM: *

     Plaintiff-Appellant Bordelon Marine, L.L.C. ("Bordelon") appeals a district court order compelling arbitration over a dispute with Defendant-Appellee Bibby Subsea ROV, L.L.C. ("Bibby"). Specifically, Bordelon appeals the district court's conclusion as to the selection of arbitrators; Bordelon does not challenge the district court's conclusion that the dispute must be resolved by arbitration. Because we lack appellate jurisdiction, we DISMISS.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30847

I.

Bordelon originally sued Bibby in Louisiana state court in an action for damages and for writ of attachment arising out of a disagreement over the chartering of an offshore vessel. Bibby removed the state court action to federal court and moved the district court to stay the litigation pending arbitration based on arbitration clauses in the contracts between the parties. However, a dispute arose among the parties regarding the selection of arbitrators. Bordelon filed a "Motion to Re-Open Case to Enforce the Method of Appointment of Arbitrators," contending that Bibby violated the arbitration clauses by appointing a certain arbitrator. Bibby opposed this motion and concurrently filed a "Cross-Motion to Confirm Arbitrability of Matter," requesting an order both confirming the arbitrability of Bordelon's claims and compelling Bordelon to arbitrate before its selected arbitrators. The court granted Bibby's motion and denied Bordelon's. Bordelon appealed. We ordered supplemental briefing regarding the district court's subject matter jurisdiction, a question we do not reach given our disposition of the appellate jurisdictional issue.

II.

"Before we address the district court's subject matter jurisdiction we must first determine our own." *MS Tabea Schiffahrtsgesellschaft MBH & Co. KG v. Bd. of Comm'rs of Port of New Orleans*, 636 F.3d 161, 164 (5th Cir. 2011). It is the party seeking to assert appellate jurisdiction that is burdened with showing it—here, Bordelon. *See Martin v. Halliburton*, 618 F.3d 476, 481 (5th Cir. 2010).

Unfortunately, "[t]he history of appeals from orders with respect to arbitration is tangled." 15B CHARLES ALAN WRIGHT, ET AL., FEDERAL

No. 16-30847

PRACTICE & PROCEDURE § 3914.17 (2d ed. 1992). Since 1988, "[s]ection 16 of the Federal Arbitration Act . . . governs appellate review of arbitration orders." *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 84 (2000). "[S]ection 16 reinforces the congressional policy in favor of arbitration by making anti-arbitration decisions widely appealable even when interlocutory, but making pro-arbitration decisions generally not appealable unless final." *May v. Higbee Co.*, 372 F.3d 757, 761 (5th Cir. 2004). This difference is intentional, reflecting Congress's desire to avoid lengthy appeals that would delay the arbitration process. *Al Rushaid v. Nat'l Oilwell Varco, Inc.*, 814 F.3d 300, 303 (5th Cir. 2016). Congress also wanted "to ensure that 'private agreements to arbitrate are enforced according to their terms.'" *Rainier DSC 1, L.L.C. v. Rainier Capital Mgmt., L.P.*, 546 F. App'x 491, 495 (5th Cir. 2013)[1] (quoting *Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 664 (2010)).

Under section 16, an appeal may be taken from orders denying applications for arbitration or enjoining an arbitration or, under section 16(a)(3), final decisions "with respect to an arbitration that is subject to this title." By contrast, appeals may not be taken from interlocutory orders compelling arbitration, granting stays pending arbitration, or refusing to enjoin arbitration proceedings. 9 U.S.C. § 16(b).

### III.

### A.

Bordelon first contends that appellate jurisdiction exists under section 16(a)(3). Specifically, Bordelon asserts that the district court order appealed from should be considered a final decision under section 16(a)(3) because the

---

[1] Although *Rainier* is not "controlling precedent," it "may be [cited as] persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).

No. 16-30847

order left nothing more for the district court to do other than confirm an arbitration decision.

Federal courts of appeals typically have appellate jurisdiction "of appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. Similarly, in the context of a dispute involving an arbitration agreement, 9 U.S.C. § 16(a)(3) "preserves immediate appeal of any 'final decision with respect to an arbitration.'" *Green Tree*, 531 U.S. at 86 (quoting 9 U.S.C. § 16(a)(3)). In turn, the Supreme Court has decided that finality should be determined in arbitration cases as it is in other cases: "a decision that 'ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment.'" *Id.* (quoting *Dig. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994)).

In *Green Tree*, the Supreme Court evaluated whether it could review an appeal of a district court order directing that an arbitration proceed and dismissing the claims for relief. *Id.* at 85. The Court held that review was proper under section 16(a)(3) because the "order plainly disposed of the entire case on the merits and left no part of it pending before the court." *Id.* at 86.

We have held that a district court order staying the litigation pending the outcome of an arbitration but without a corresponding dismissal "by definition, constitutes a postponement of proceedings, not a termination, and thus lacks finality." *S. La. Cement, Inc. v. Van Aalst Bulk Handling, B.V.*, 383 F.3d 297, 301 (5th Cir. 2004) (citing *Apache Bohai Corp., LDC v. Texaco China, B.V.*, 330 F.3d 307, 309 (5th Cir. 2003)). In other words, a stay without a dismissal is not sufficiently final. *See id.* at 301–02; *Sw. Elec. Power Co. v. Certain Underwriters at Lloyds of London*, 772 F.3d 384, 387 (5th Cir. 2014) ("[O]ur case law has developed a clear distinction between final orders

4

No. 16-30847

dismissing cases after compelling arbitration and interlocutory orders staying and administratively closing cases pending arbitration."); *cf. Gulf Guar. Life Ins. Co. v. Conn. Gen. Life Ins. Co.*, 304 F.3d 476, 482–83 (5th Cir. 2002) (finding that appellate jurisdiction existed because, among other reasons, the district court explicitly stated that the order appealed from was a final decision for purposes of appeal).

Here, the district court "ordered that Bibby's motion is granted, that the claims raised in Bordelon's state-court petition are subject to arbitration, and that arbitration is compelled." The order does not mention whether the case is stayed. Furthermore, the district court never explicitly dismissed Bordelon's initially removed state court claims. Finally, since Bordelon appealed, the district court has reopened the case and the litigation before the court has continued. We conclude that the district court never entered a final judgment or dismissed Bordelon's state law claims and, therefore, this court lacks appellate jurisdiction under section 16(a)(3).

### B.

Bordelon also argues that appellate jurisdiction exists under section 16(a)(1)(B), permitting appeals from orders "denying a petition under section 4 of this title to order arbitration to proceed." In doing so, Bordelon characterizes its "Motion to Re-Open Case to Enforce the Method of Appointment of Arbitrators" as a petition directing arbitration to proceed under 9 U.S.C. § 4.

The FAA outlines what types of questions federal courts may resolve between parties to an arbitration. *See, e.g.*, 9 U.S.C. §§ 3–6. Relevant here, section 4 allows for a party to petition a district court for an order directing arbitration to proceed in the manner provided for in the arbitration

agreement,[2] whereas section 5 allows for a district court to intervene in the selection of an arbitrator.[3]  These statutes are closely intertwined with the FAA's appellate jurisdiction statute.  Notably, section 16(a)(1)(B) allows for an appeal of an interlocutory order denying a petition under section 4; however, there is no corresponding right to an interlocutory appeal of an order denying a motion to intervene in the selection of an arbitrator under section 5.  *See* 9 U.S.C. § 16.  Therefore, in order to determine whether appellate jurisdiction exists under section 16(a)(1)(B), we must decide whether Bordelon's "Motion to Re-Open Case to Enforce the Method of Appointment of Arbitrators" was a petition directing arbitration to proceed under section 4 or a motion under section 5 to intervene in the selection of an arbitrator.

Bordelon's briefing to the district court does not clearly demonstrate that it moved under section 4 to direct arbitration to proceed.  Although not dispositive, the title of the motion itself suggests that Bordelon was challenging Bibby's selection of arbitrators.  In the body of the motion, Bordelon asserted that section 4 allowed Bordelon to contest Bibby's failure to arbitrate as provided in the agreement; however, in conclusion, it also referenced section 5.  Furthermore, in Bordelon's reply, it explicitly argued that the district court could settle the dispute about the selection of arbitrators under section 5.

---

[2] Section 4 allows for "[a] party aggrieved by the alleged . . . refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement."  9 U.S.C. § 4.

[3] This court has stated that section 5 "authorizes a court to intervene 'to select an arbitrator . . .' in three instances: (1) if the arbitration agreement does not provide a method for selecting arbitrators; (2) if the arbitration agreement provides a method for selecting arbitrators but any party to the agreement has failed to follow that method; or (3) if there is 'a lapse in the naming of an arbitrator or arbitrators.'"  *BP Expl. Libya Ltd. v. ExxonMobil Libya Ltd.*, 689 F.3d 481, 490–91 (5th Cir. 2012) (quoting *Conn. Gen.*, 304 F.3d at 486, 490)).

No. 16-30847

The district court resolved the dispute under section 5. The court spent three pages explaining our precedent drawing the boundaries of a district court's power under section 5.[4] Furthermore, "jurisdiction over an appeal 'must be determined by focusing upon the category of order appealed from, rather than upon the strength of the grounds for reversing the order.'" *In re Deepwater Horizon*, 579 F App'x 256, 258 (5th Cir. 2014) (per curiam) (quoting *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 628 (2009)). Therefore, we reject Bordelon's attempt to re-characterize the district court's section 5 order appointing arbitrators as an order denying Bordelon's motion under section 4. Indeed, the district court unquestionably did not *deny* arbitration; it ordered arbitration in this case. Bordelon's argument is not based on a failure of the district court to order arbitration but on a failure, in Bordelon's view, to select arbitrators in a way Bordelon views as correct—a section 5 issue. Section 16(a)(1)(B) does not provide for an appeal of an interlocutory order granting or denying a motion under section 5. Because the order that Bordelon appeals is not a "den[ial of] a petition under section 4," appellate jurisdiction does not exist under section 16(a)(1)(B).

C.

At oral argument, Bordelon argued for the first time that "if maritime jurisdiction applies, then . . . there is appellate jurisdiction over the appeal." We do not usually allow parties to raise a new argument for the first time at oral argument. *Whitehead v. Food Max of Miss., Inc.*, 163 F.3d 265, 270 (5th

---

[4] In one instance the district court cites section 4; however, it is clear from the analysis that the district court meant to conclude that it could intervene pursuant to section 5.

No. 16-30847

Cir. 1998); *see also In re Deepwater Horizon*, 845 F.3d 634, 641 n.5 (5th Cir. 2017). Therefore, we consider this argument forfeited.[5]

Furthermore, nothing in 28 U.S.C. §§ 1291 or 1292 permits an appeal, and there was no certification by the district court under either section 1292 or Federal Rule of Civil Procedure 54(b). Therefore we dismiss the appeal for lack of appellate jurisdiction.[6]

DISMISSED.

---

[5] Of course, an argument that this court *lacks* jurisdiction cannot be waived, but here the argument is that the court *has* jurisdiction, a matter the appellant is required to prove. *Martin*, 618 F.3d at 481. However, even if we were to evaluate Bordelon's late-made assertion, appellate jurisdiction would not exist. Bordelon did not point to statutory support for its statement, but it appears to have been referring to 28 U.S.C. § 1292(a)(3). Section 1292(a)(3) provides that appeals may be taken from "[i]nterlocutory decrees of . . . district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed." We have determined that this section refers to admiralty cases that dismiss "a claim for relief *on the merits*." *MS Tabea Schiffahrtsgesellschaft*, 636 F.3d at 165 (emphasis added). The order appealed from must "determine the rights or liabilities of either party to this dispute." *In re Patton–Tully Transp. Co.*, 715 F.2d 219, 222 (5th Cir. 1983) (per curiam).

Here, the district court compelled arbitration after making a determination regarding the appointment of arbitrators. This was not a determination of the rights and liabilities of the parties; rather, it merely settled "how and where the rights and liabilities would be determined," i.e., at arbitration rather than in court. *See In re Ingram Towing Co.*, 59 F.3d 513, 517 (5th Cir. 1995); *see also Jensenius v. Texaco, Inc., Marine Dep't.*, 639 F.2d 1342, 1343–44 (5th Cir. Unit A Mar. 1981) (similar); *Ibeto Petrochemical Indus. Ltd. v. M/T Beffen*, 475 F.3d 56, 61–62 n.1 (2d Cir. 2007) ("[a]n order staying an admiralty action in the district court pending arbitration is not a final order and is not appealable." (quoting *Lowry & Co. v. S.S. Le Moyne D'Iberville*, 372 F.2d 123, 124 (2d Cir. 1967))). Therefore, appellate jurisdiction does not exist under section 1292(a)(3).

[6] Also pending before this court is Bibby's Motion for Leave to File Second Amended Notice of Removal, which Bibby filed after we questioned whether Bibby's Notice of Removal was deficient as to its allegation of subject matter jurisdiction. Given that we lack appellate jurisdiction, this motion is denied as moot. We note that the district court cannot act without subject matter jurisdiction, but we express no opinion as to the merits of the motion for leave or the underlying jurisdictional issues it raises, leaving the district court to address these matters as necessary.