# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-51009

United States Court of Appeals
Fifth Circuit

**FILED**
May 29, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CANDIDO FRANCISCO HERNANDEZ-AVILA,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:15-CR-1131-1

Before WIENER, GRAVES, and HO, Circuit Judges.

PER CURIAM:*

Candido Francisco Hernandez-Avila pleaded guilty to illegal reentry under 8 U.S.C. § 1326. The presentence report (PSR) recommended a sixteen-level enhancement based on Hernandez-Avila's prior conviction for sexual assault under Texas Penal Code § 22.011(a)(2), which the PSR determined to be a "crime of violence" within the meaning of § 2L1.2(b)(1)(A)(ii) of the 2015 Sentencing Guidelines. Hernandez-Avila objected in writing and at the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-51009

sentencing hearing, arguing that a prior conviction under Texas Penal Code § 22.011(a)(2) cannot be a "crime of violence" because that statute proscribes sexual contact with "a person younger than 17 years of age," TEX. PENAL CODE § 22.011(c)(1), while the federal enhancement requires the victim to be younger than 16 years of age. The district court overruled the objection, applied the enhancement, and sentenced Hernandez-Avila to 57 months in prison—the lowest possible sentence within the applicable sentencing range under the Guidelines.

Hernandez-Avila renews his objection on appeal. Our review is de novo. *United States v. Piedra-Morales*, 843 F.3d 623, 624 (5th Cir. 2016) ("This court reviews a preserved challenge to the district court's application of the Sentencing Guidelines *de novo*."); *United States v. Hernandez-Galvan*, 632 F.3d 192, 196 (5th Cir. 2011) ("[T]his court considers *de novo* whether a defendant's prior conviction qualifies as a 'crime of violence' within the meaning of the Guidelines.").

The application notes to § 2L1.2 of the 2015 Guidelines define "crime of violence" to include "statutory rape" and "sexual abuse of a minor." U.S.S.G. § 2L1.2 cmt. n.1(B)(iii) (2015). To determine whether Hernandez-Avila's prior conviction qualifies as either of these offenses, we apply the "categorical approach," which requires us to "look to the elements of the offense enumerated . . . by the Guideline section and compare those elements to the elements of the prior offense for which the defendant was convicted." *United States v. Howell*, 838 F.3d 489, 494 (5th Cir. 2016). "We do not consider the actual conduct of the defendant in committing the offense." *Id.*

After briefing in this case was completed, the Supreme Court decided *Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562 (2017), holding that "in the context of statutory rape offenses that criminalize sexual intercourse based solely on the age of the participants, the generic federal definition of sexual

2

abuse of a minor requires that the victim be younger than 16." *Id.* at 1568. In light of *Esquivel-Quintana*, we conclude that a prior conviction under Texas Penal Code § 22.011(a)(2) is not a "crime of violence" within the meaning of § 2L1.2(b)(1)(A)(ii) of the 2015 Guidelines. Section 22.011(a)(2) proscribes sexual conduct with a "child"—defined as "a person younger than 17 years of age"—"regardless of whether the person knows the age of the child at the time of the offense." TEX. PENAL CODE § 22.011(a)(2), (c)(1). Because § 22.011(a)(2) criminalizes sexual intercourse with a victim under 17, rather than a victim under 16, it is categorically overbroad. *See United States v. Ovalle-Garcia*, 868 F.3d 313, 314 (5th Cir. 2017) (applying *Esquivel-Quintana* and holding that a conviction under Tennessee's statutory rape statute "does not qualify either as an aggravated felony for purposes of 8 U.S.C. § 1326(b)(2) or as a crime of violence for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(ii)" because "the age of consent in Tennessee is 18"). *Esquivel-Quintana* abrogates our contrary conclusion in *United States v. Rodriguez*, 711 F.3d 541 (5th Cir. 2013) (en banc).[1]

Accordingly, we VACATE Hernandez-Avila's sentence and REMAND for resentencing consistent with this opinion. "We direct defense counsel to bring this case to the district court's attention immediately so that resentencing can

---

[1] We requested Hernandez-Avila and the Government to each "address in a supplemental letter brief the applicability of *Esquivel-Quintana* . . . to this appeal." In its supplemental brief, the Government asserts that we "need not determine that issue as it applies to the instant case" and that we should affirm Hernandez-Avila's sentence because his prior conviction is a "crime of violence" as defined in 18 U.S.C. § 16(b) and thus qualifies as an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F). We will not consider this argument because it is not within the scope of our request for additional briefing and has not been fully and properly briefed on appeal. *See Precision Builders, Inc. v. Olympic Grp., L.L.C.*, 642 F. App'x 395, 400 (5th Cir. 2016) (recognizing our ability to affirm on any basis supported by the record where "the parties *fully briefed the issue . . . before us*" (emphasis added)); *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1011 (9th Cir. 1995).

No. 16-51009

occur expeditiously." *United States v. Cabrera*, 478 F. App'x 204, 209 (5th Cir. 2012).