# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 27, 2021

Lyle W. Cayce
Clerk

No. 21-20223
Summary Calendar

FRANCISCO SANCHEZ,

*Plaintiff—Appellant*,

*versus*

MARATHON OIL COMPANY; MARATHON OIL PERMIAN LLC.;
BEDROCK PETROLEUM CONSULTANTS, LLC,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-1044

Before DAVIS, JONES, and ELROD, *Circuit Judges*.

PER CURIAM:*

Plaintiff-appellant Francisco Sanchez appeals a district court order compelling arbitration over a dispute with defendants-appellees Marathon Oil Company, Marathon Oil Permian LLC (together "Marathon"), and

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-20223

Bedrock Petroleum Consultants, LLC ("Bedrock"). Because we lack appellate jurisdiction, we DISMISS.

Sanchez filed this lawsuit on March 23, 2020, in the Southern District of Texas. Sanchez alleged claims under the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981. Marathon and Bedrock separately filed motions to compel arbitration, relying on a clause contained in a "consulting agreement" between Sanchez and one of Bedrock's wholly-owned subsidiaries, Bedrock PC 1099 LLC. The district court granted the motions to compel arbitration, and plaintiff timely appealed.

A preliminary question, and the dispositive one here, is whether this Court has appellate jurisdiction to review the order compelling arbitration. This question turns on whether the district court's order was a "final decision with respect to an arbitration," as required by 9 U.S.C. § 16(a)(3). A final decision is one that "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment."[1] Thus, when the district court has ordered the parties to proceed to arbitration, combined with a dismissal of all the claims before it, that decision is "final," and this Court has jurisdiction over an appeal.[2] In contrast, appeals may not be taken from interlocutory orders compelling arbitration, granting stays pending arbitration, or refusing to enjoin arbitration proceedings.[3]

Here, the district court referred the defendants' motions to compel arbitration to a magistrate judge. In a memorandum and recommendation

---

[1] *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 86 (2000) (internal quotation marks and citation omitted).

[2] *Id.* at 89.

[3] 9 U.S.C. § 16(b).

("M&R"), the magistrate recommended "[t]hat Bedrock['s] Motion to Compel Arbitration . . . and Marathon['s] Motion to Compel Arbitration . . . both be GRANTED." The M&R is silent as to whether Sanchez's claims should be dismissed or stayed. On March 30, 2021, the district court issued an order adopting the M&R. The order concludes as follows:

> The Magistrate Judge's findings and conclusions are reviewed de novo. Having reviewed the parties' arguments and applicable legal authority, the Court adopts the [M&R] as this Court's Order.

In short, the district court's order does not dismiss plaintiff's claims, or otherwise indicate a final resolution to this matter.

Sanchez points to notations in the district court's docket sheet which, he contends, show that the court below effectively dismissed his case. Specifically, on the same day the district court adopted the M&R, someone (apparently in the district court clerk's office) created a separate docket entry stating that the case was "terminated."[4] The docket sheet now states that the case is "closed."

But this sort of final language is entirely absent from both the district court's operative order and the M&R. We read the district court's actions in the docket entry as a purely administrative closure, not a final order of dismissal.[5] This Court has repeatedly held that administrative closures,

---

[4] All other docket entries reflecting one of the district judge's orders specify that the order was "[s]igned by Judge Alfred H Bennet." Here, there was no such designation. Instead, the docket entry is marked as "[c]ourt only" and indicates that the action was taken by "ledwards, 4," apparently someone from the clerk's office.

[5] *See Bordelon Marine, L.L.C. v. Bibby Subsea Rov., L.L.C.*, 685 F. App'x 330, 334 (5th Cir. 2017) (unpublished) (holding that a district court's order that granted a motion to compel arbitration but did not dismiss plaintiff's claims or explicitly stay the case was insufficiently final to confer appellate jurisdiction). Although *Bordelon Marine* is not

No. 21-20223

which are functionally equivalent to a stay, are insufficiently final to confer appellate jurisdiction.[6] Thus, until the district court issues an order of dismissal, or otherwise makes a final disposition of the case, this Court lacks appellate jurisdiction.[7]

For the foregoing reasons, the appeal is DISMISSED.

---

"controlling precedent," it "may be [cited as] persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).

[6] *See Psara Energy, Ltd. v. Advantage Arrow Shipping, L.L.C.*, 946 F.3d 803, 807-08 (5th Cir. 2020); *Mire v. Full Spectrum Lending Inc.*, 389 F.3d 163, 167 (5th Cir. 2004) ("The effect of an administrative closure is no different from a simple stay, except that it affects the count of active cases pending on the court's docket; *i.e.*, administratively closed cases are not counted as active."); *S. Louisiana Cement, Inc. v. Van Aalst Bulk Handling, B.V.*, 383 F.3d 297, 302 (5th Cir. 2004) ("[W]e hold that administratively closing a case is not a dismissal or final decision.").

[7] If a party wishes to appeal an order requiring arbitration before the district court makes a final disposition, the proper mechanism is an application for a writ of mandamus. *See McDermott Intern, Inc. v. Underwriters at Lloyds*, 981 F.2d 744, 748 (5th Cir. 1993).